OLA DEESE CALDWELL v. DAVIS W. DEESE

No. 47

(Filed 7 October 1975)

1. **Rules of Civil Procedure § 56— motion for summary judgment — burden of proof**

    A party moving for summary judgment under Rule 56 has the burden of clearly establishing the lack of any triable issue of fact by the record properly before the court, and his papers are carefully scrutinized while those of the opposing party are on the whole indulgently regarded. G.S. 1A-1, Rule 56.

2. **Rules of Civil Procedure § 56— summary judgment — showing required**

    The movant for summary judgment must show (1) that there is no genuine issue as to any material fact, and (2) that the moving party is entitled to a judgment as a matter of law.

3. **Rules of Civil Procedure § 56— summary judgment — purpose**

    Rule 56 does not authorize the court to decide an issue of fact, but rather to determine whether a genuine issue of fact exists.

4. **Automobiles § 64— striking of dog — summary judgment for defendant**

    In an action to recover damages for injuries to plaintiff and her dog received when a bus driven by defendant struck plaintiff's dog, plaintiff attempted to separate the dog and a group of children gathered around the dog, and the dog bit plaintiff on the hand, the trial court properly entered summary judgment in favor of defendant where plaintiff's deposition offered by defendant established a total lack of negligence on defendant's part and plaintiff offered no evidence in opposition thereto.

5. **Negligence § 17— rescue doctrine — negligence of another**

    The rescue doctrine does not apply unless it is shown that the peril was caused by the negligence of another.

6. **Rules of Civil Procedure § 56— summary judgment in negligence cases**

    While summary judgment is ordinarily not appropriate in negligence cases, it is appropriate where a motion for summary judgment is supported by evidentiary matter showing a total lack of negligence on the movant's part and no evidence is offered in opposition thereto.

DEFENDANT appeals from decision of the Court of Appeals, 26 N.C. App. 435, 216 S.E. 2d 452 (1975), reversing judgment of *Hasty, J.*, entered 12 February 1975 in MECKLENBURG Superior Court.

This is a civil action for damages allegedly caused by defendant's negligent operation of a bus on Stratford Avenue in the City of Charlotte.

In her unverified complaint filed 20 March 1974, plaintiff alleges in pertinent part as follows:

1. At 4 p.m. on 10 February 1974 plaintiff was standing in her front yard near an automobile parked at the curb in front of her house talking to a lady friend who was preparing to leave. Suddenly, twelve neighborhood children came out the front door of plaintiff's house, permitting plaintiff's dog to come out of the house with them, and the entire group, including the dog, began running across the yard toward the street in front of the house.

2. As the children and the dog approached the street, the defendant "came driving along the street in the direction of the plaintiff's home, operating the bus belonging to New Hope Baptist Church, and saw or should have seen the large number of children and the dog approaching the curb as if to enter the street. Notwithstanding the presence of the children and the dog, the defendant continued to drive the bus in the general direction which he was headed along the street, and struck and ran over and injured the dog belonging to the plaintiff, and then continued along the street without stopping, although he knew or should have known that he had struck plaintiff's dog."

3. Plaintiff's dog was severely injured and the group of children immediately gathered around the dog to investigate. Fearing for the safety of the children and for the injured dog, plaintiff "ran over and attempted to separate the dog and the children. Plaintiff's dog, in great pain and in a state of confusion, bit plaintiff on the hand, causing her severe injuries."

4. Defendant was negligent in that: (a) He failed to keep his bus under proper control; (b) he failed to reduce his speed in order to avoid a hazard in violation of G.S. 20-141; (c) he failed to take evasive action when he knew or should have known in the exercise of due care that the group of children and the dog approaching the street were potentially dangerous

and that prudence required him to avoid the hazard; (d) he operated his vehicle at a speed that was greater than reasonable and prudent under the circumstances then existing in violation of G.S. 20-141; (e) he failed to sound his horn when he saw or should have seen the children and the dog; (f) he failed to stop his vehicle after running over plaintiff's dog when he knew or should have known that striking the dog with his bus would create a hazardous condition "by leaving an injured and confused dog in the presence of other people, a dangerous situation he had already created and had a duty to mitigate."

5. Defendant's negligence was the proximate cause of the injuries to plaintiff's dog and the injuries to plaintiff's hand "in that defendant knew or should have known in the exercise of due care that injuring a dog might foreseeably lead to a subsequent injury of other persons."

6. As a result of defendant's negligence, plaintiff was required to take her dog to a veterinary surgeon for treatment, including the caesarean birth of a puppy which would not have been necessary except for the injuries to the dog. The dog sustained other injuries requiring expenditure of substantial sums of money. Plaintiff herself received emergency medical treatment, incurred hospital and doctor bills, lost substantial wages, and endured pain and suffering due to the injury to her hand. The injuries to her hand are permanent in nature. She demands $25,000.00 in damages as a result of defendant's negligence.

In his unverified answer defendant says (1) the complaint fails to state a claim upon which relief may be granted, (2) all allegations of negligence and proximate cause are denied, and (3) he has no knowledge of striking plaintiff's dog and was in no way negligent on said occasion; but in the event he be adjudged negligent in any manner, plaintiff was contributorily negligent in placing herself in a position to be bitten when she knew or should have known, that dogs and other animals, when injured and in physical or mental pain, instinctively bite all persons and things within reach. Her own negligence was the proximate cause of her injury.

Plaintiff pleads the rescue doctrine in her unverified reply. See *Britt v. Mangum,* 261 N.C. 250, 134 S.E. 2d 235 (1964).

On 30 October 1974 defendant moved for summary judgment and supported his motion with a deposition of plaintiff taken on 19 July 1974. Plaintiff filed no counter-affidavits and offered no other evidentiary material in opposition to the motion. Following a hearing on 10 February 1975 Judge Hasty entered an order granting summary judgment in favor of defendant and dismissing the action with prejudice. The Court of Appeals reversed with Brock, C. J., dissenting, and defendant appealed to the Supreme Court pursuant to G.S. 7A-30(2).

*Myers & Collie by George C. Collie for defendant appellant.*

*Mraz, Aycock, Casstevens & Davis by Frank B. Aycock III for plaintiff appellee.*

HUSKINS, Justice.

[1, 2] A party moving for summary judgment under Rule 56 has the burden of "clearly establishing the lack of any triable issue of fact by the record properly before the court. His papers are carefully scrutinized; and those of the opposing party are on the whole indulgently regarded." 6 Moore's Federal Practice (2d ed. 1971) § 56.15[8], at 2439-40; *Singleton v. Stewart*, 280 N.C. 460, 186 2d 400 (1972). The movant must show (1) that there is no genuine issue as to any material fact, and (2) that the moving party is entitled to a judgment as a matter of law. Rule 56(c); *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971).

The movant is held by most courts to a strict standard, and "all inferences of fact from the proofs proffered at the hearing must be drawn against the movant and in favor of the party opposing the motion." 6 Moore's Federal Practice (2d ed. 1971) § 56.15[3], at 2337; *accord, United States v. Diebold, Inc.*, 369 U.S. 654, 8 L.Ed. 2d 176, 82 S.Ct. 993 (1962).

[3] Rule 56 does not authorize the court to decide an issue of fact, but rather to determine whether a genuine issue of fact exists. The rule "is for the disposition of cases where there is no genuine issue of fact and its purpose is to eliminate formal trials where only questions of law are involved." *Kessing v. Mortgage Corp., supra.* The rule is designed to permit penetration of an unfounded claim or defense in advance of trial and to allow summary disposition for either party when a fatal weakness in the claim or defense is exposed. "The device used

is one whereby a party may in effect force his opponent to pro-
duce a forecast of evidence which he has available for presen-
tation at trial to support his claim or defense. A party forces
his opponent to give this forecast by moving for summary
judgment. Moving involves giving a forecast of his own which
is sufficient, if considered alone, to compel a verdict or finding
in his favor on the claim or defense. In order to compel the
opponent's forecast, the movant's forecast, considered alone,
must be such as to establish his right to judgment as a matter
of law." 2 McIntosh, North Carolina Practice and Procedure,
§ 1660.5 (2d ed. Phillip's Supp. 1970).

We now apply these legal principles to the record properly
before us to determine the propriety of summary judgment for
defendant in this case.

[4] Was plaintiff injured and her property (dog) damaged
by the negligence of the defendant? This is the paramount
overriding issue of fact which plaintiff must establish at trial
before any other issue can be reached. To support his motion
for summary judgment and establish the nonexistence of negli-
gence on his part, defendant offered plaintiff's sworn testimony
contained in her deposition taken on 19 July 1974. In that depo-
sition plaintiff described the occurrence when her dog was
struck as follows:

"Q. If you would, then, go ahead and tell us what
occurred as you remember it when you were in the yard
there this afternoon?

"A. Well, when the children had come through the
house and ran out into the yard and let the dog out and
ran to the back of the car where Mrs. Laurent was stand-
ing and I was standing. The bus was coming up the hill,
well, it's not, say, a hill, it's a grade. So when the children
stopped the bus was right on the edge of the road and there
was no other traffic there and so it hit the dog and he
didn't make no attempt to stop. I ran between the dog and
the children, because he was biting at just midair and when
I reached down to grab my baby and my grandbaby to
push them back, she caught me in the other hand.

". . . Stratford Drive . . . is a paved street . . . in-
side the city limits . . . a little over two cars wide. . . .
Two trucks can go down it."

Caldwell v. Deese

Viewing plaintiff's deposition in the light most favorable to her and drawing all inferences of fact against defendant, we conclude that defendant's "evidentiary forecast" was such that, if offered by plaintiff at the trial, without more, would compel a directed verdict in defendant's favor. It established a total lack of negligence on defendant's part and entitled him to judgment as a matter of law unless forestalled by a forecast of evidence by plaintiff sufficient to counter the effect of her deposition by showing some negligent act on defendant's part proximately causing injury to her and her dog. Plaintiff offered nothing—no counter-affidavits, admissions in pleadings, depositions, answers to interrogatories, or any other evidentiary material permitted by Rule 56(c). In that setting, we are constrained to hold that the supporting evidence offered and relied on by defendant establishes that there is no genuine issue as to any material fact and that he is entitled to a judgment as a matter of law. *Koontz v. City of Winston-Salem,* 280 N.C. 513, 186 S.E. 2d 897 (1972); Martin B. Louis, Federal Summary Judgment Doctrine: A Critical Analysis, 83 Yale L.J. 745 (1974).

[5] The rescue doctrine, pleaded in plaintiff's unverified reply, is accurately expressed in the following excerpt from *Alford v. Washington,* 238 N.C. 694, 78 S.E. 2d 915 (1953): "The rule is well settled that one who sees a person in imminent and serious peril caused by the negligence of another cannot be charged with contributory negligence, as a matter of law, in risking his own life or serious injury in attempting to effect a rescue, provided the attempt is not recklessly or rashly made." Although plaintiff's deposition shows that she "ran between the dog and the children, because he was biting at just midair," and was bitten when she attempted to rescue the children from danger, the rescue doctrine does not apply unless it be shown that the peril was caused *by the negligence* of another, *i.e.,* in this case, the negligence of defendant.

[6] We are not unmindful of the general proposition "that issues of negligence . . . are ordinarily not susceptible of summary adjudication either for or against claimant, but should be resolved by trial in the ordinary manner." 6 Moore's Federal Practice (2d ed. 1971) § 56.17[42] at 2583; 3 Barron and Holtzolff, Federal Practice and Procedure (Wright ed. 1958) § 1232.1 at 106. We said in *Page v. Sloan,* 281 N.C. 697, 190 S.E. 2d 189 (1972): "It is only in exceptional negligence cases

that summary judgment is appropriate. [Citations omitted.] This is so because the rule of the prudent man (or other applicable standard of care) must be applied, and ordinarily the jury should apply it under appropriate instructions from the court. Gordon, The New Summary Judgment Rule in North Carolina, 5 Wake Forest Intra. L. Rev. 87 (1969)." Our holding here in no way negates the sound principles there enunciated. Where, as here, a motion for summary judgment is supported by evidentiary matter showing a total lack of negligence on movant's part, and no evidence is offered in opposition thereto, no issue is raised for the jury to consider under appropriate instructions. Such is the posture of this case.

For the reasons stated the decision of the Court of Appeals reversing the entry of summary judgment in favor of defendant is

Reversed.