WILLIAM REID AREY, III, AND WIFE, AVA EAGLE AREY v. BOARD OF
  LIGHT & WATER COMMISSION OF THE CITY OF CONCORD

No. 8019DC572

(Filed 3 February 1981)

**Municipal Corporations § 21— backup of sewage in home — res ipsa loquitur
  inapplicable**

    In an action to recover damages sustained by plaintiffs when sewage backed
up into their home from the sewer system owned and operated by defendant,
plaintiffs were not entitled to proceed to trial under the doctrine of *res ipsa
loquitur*, since that doctrine does not apply in cases where, as here, there has been
no prior notice to the city of defects or malfunctions in the affected portion of the
system, as a city does not have exclusive control over a municipal sewer system;
users of a public sewer system have regular, recurring, and frequent opportuni-
ties to use such system in such ways as may cause sudden blockage of parts of the
system; and it is not reasonable to expect a municipality to insure against such
events taking place from time to time.

APPEAL by plaintiffs from *Grant, Judge.* Judgment entered 15
February 1980 in District Court, CABARRUS County. Heard in the
Court of Appeals 8 January 1981.

In their complaint, plaintiffs alleged that their home was
damaged when sewage backed up into the home from the sewer
system owned and operated by defendant and that the cause of the
sewage back-up was the negligent conduct of defendant in the
operation of its sewer system. In paragraph nine of their complaint,
plaintiffs also alleged that the doctrine of *res ipsa loquitur* applied
to their action because the sewer lines were under the control of the
defendant and the damage would not ordinarily have occurred if
defendant had exercised proper care.

Defendant moved to strike paragraph nine of plaintiffs' com-
plaint on grounds that the allegations failed to set forth sufficient
facts to constitute a cause of action on the theory of *res ipsa loquitur*.
The trial judge found that any number of factors could have caused
the blockage in the sewer line, and granted the motion to strike.

In its answer defendant denied that it was negligent. Defend-
ant then moved for summary judgment. The affidavits filed by each
party established that prior to the date the damage to plaintiffs'
home was discovered, there had been no notice of problem or defect
regarding the sewer line, and that upon being notified of the dam-
age to plaintiffs' home, defendant promptly cleaned out the obstruc-

tion. The trial judge granted defendant's motion for summary judgment and plaintiffs have appealed.

*Koontz, Horton & Hawkins, by K. Michael Koontz, for plaintiff appellants.*

*Hartsell, Hartsell & Mills, by W. Erwin Spainhour, for the defendant appellee.*

WELLS, Judge.

The sole question presented by plaintiffs in this appeal is whether plaintiffs were entitled to proceed to trial under the doctrine of *res ipsa loquitur*. In order to place this issue in clearer perspective, we will elaborate further on the proceedings in the trial court.

In support of its motion for summary judgment, defendant introduced the affidavit of Don T. Howell, Director of Utilities for the Board, which affidavit contains factual statements pertinent to the issue. Plaintiffs' dwelling is served by a gravity flow sewer line, consisting of a section of four inch line running to a point approximately 80.6 feet beyond plaintiffs' property line, where it enters an eight inch line which runs to an outfall main. Prior to plaintiffs' call on 19 May 1976, the sewer line between plaintiffs' dwelling and the outfall main functioned as designed and intended, and on said date, defendant had no knowledge or information of any defect in the line. Neither plaintiffs nor anyone else contacted defendant prior to 19 May 1976 regarding any problems or defects concerning the line serving plaintiffs' dwelling. Defendant promptly responded to plaintiffs' complaint on 19 May 1976 and found an obstruction in the line approximately 190 feet from plaintiffs' property line. Defendant ran a rod through the line and the obstruction cleared. Defendant does not know what caused the obstruction.

Plaintiffs responded to defendant's affidavit with the affidavit of plaintiff William Reid Arey, III. Mr. Arey's affidavit shows that plaintiffs left their residence at 6:30 p.m. on 19 May 1976 and returned at about 11:30 p.m. At the time they left, there was no problem with their sewer or water system. When they returned, they found that sewage and water had backed up into their commodes and bathtub and had overflowed and damaged property in their residence. Plaintiffs called defendant, who dispatched an employee to plaintiffs' residence. The employee inspected the dam-

age, departed and returned with a rodding machine. After using the machine on Todd Street at a point approximately 190 feet from plaintiffs' residence, drainage returned to normal.

It thus appears that the facts in this matter are not in dispute. All that remains is the question of whether upon these undisputed facts defendant is entitled to judgment as a matter of law. Our courts have held that it is only in exceptional negligence cases that summary judgment is appropriate, because the rule of the prudent man or other appropriate standards of care must be applied. *See Caldwell v. Deese*, 288 N.C. 375, 380-81, 218 S.E. 2d 379, 382-83 (1975); *Page v. Sloan*, 281 N.C. 697, 706, 190 S.E. 2d 189, 194 (1972). While we recognize and affirm this general rule as to the propriety of summary judgment in negligence cases, it is nevertheless necessary to properly apply the rule to the facts of each individual case.

> In an action for recovery of damages for injury resulting from actionable negligence of defendant, plaintiff must show (1) that there has been a failure on the part of defendant to exercise proper care in the performance of some legal duty which the defendant owed the plaintiff under the circumstances in which they were placed, and (2) that such negligent breach of duty was the proximate cause of the injury, a cause that produced the result in continuous sequence, and without which it would not have occurred, and one from which a man of ordinary prudence could have foreseen that such result was probable under the facts as they existed. [Citations omitted.]

> Foreseeability of injury is an essential element of proximate cause. [Citation omitted.] It is not required that the injury in the precise form in which it occurred should have been foreseeable but only that, in the exercise of reasonable care, consequences of a generally injurious nature might have been expected. [Citation omitted.] However, the law requires only reasonable prevision and a defendant is not required to foresee events which are merely possible but only those which are reasonably foreseeable. [Citations omitted.]

*McNair v. Boyette*, 282 N.C. 230, 236, 192 S.E. 2d 457, 461 (1972).

Recognizing that defendant was under a duty to plaintiffs to

exercise reasonable or due care in the maintenance and operation of its sewer system so as to avoid harm or damage to plaintiffs, we then look to the question of whether plaintiffs can show any breach of that duty. The forecast of the evidence derived from the affidavits of the parties indicates that plaintiffs cannot show any specific acts of negligence on the part of defendant. Plaintiffs contend, however, that under the facts of this case, they are entitled to go to the jury under the theory or doctrine of *res ipsa loquitur; i.e.*, that from the event itself—blockage of the sewer—there may arise the inference that defendant failed to exercise due care in the maintenance or operation of the sewer system, and that, therefore, in order to make out a *prima facie* case, plaintiffs may substitute this inference for direct acts of negligence which they cannot show.

Plaintiffs concede that they have discovered no direct North Carolina authority for the application of the *res ipsa loquitur* doctrine to the facts of this case, but they have referred us to such authority from other jurisdictions, discussed in an annotation entitled *Res Ipsa Loquitur—Escape of Water*. Annot., 91 A.L.R. 3d 186, at 222-26 (1979). Our examination of these and other authorities indicates that there is a substantial divergence of views among American jurisdictions as to whether the doctrine should apply in sudden sewer obstruction cases. The New York and Washington courts have found the doctrine applicable in such cases either on the basis that the city (owner) had a duty of reasonable inspection and that from a blockage or obstruction, an inference may arise of a failure to reasonably carry out that duty, or, on the basis that the city had exclusive control of the system and had the duty to exercise reasonable care to inspect for defects.

The South Dakota, Utah, Wisconsin, and Wyoming courts have held the doctrine inapplicable in such cases, on the basis of lack of exclusive control by the city. *See also* 8 Am.Jur. P.O.F. 2d, *Municipality's Failure to Maintain Sewers Properly*, at 101 (1976).

We believe those cases which recognize that the city does not have exclusive control over a municipal sewer system provide the most appropriate basis for resolution of sudden blockage cases. Common experience and knowledge requires us to recognize that users of public sewer systems have regular, recurring, and frequent opportunities to use such systems in such ways as may cause sudden blockage of parts of the system, and that it is not reasonable

Arey v. Bd. of Light & Water Comm.

to expect the municipality to insure against such events taking place from time to time. We believe that the factual situation in *Mosseller v. Asheville*, 267 N.C. 104, 147 S.E. 2d 558 (1966)[1] is analogous and that the opinion of our Supreme Court in that case supports our position.

We are careful to limit our opinion here to cases involving sudden obstruction, such as the one now before us, where there has been no prior notice to the city of defects or malfunctions in the affected portion of the system. We also note the factual distinction between this case and cases where the evidence (or forecast of evidence, as the case may be) discloses a break in the system, or other evidence from which an inference of design defect or negligent construction might arise.

Plaintiffs' forecast of the evidence indicates that plaintiffs cannot show that defendant had any prior knowledge of the sudden obstruction which resulted in plaintiffs' injury and damage. We hold that these circumstances do not give rise to an inference of negligence on the part of defendant, that plaintiffs are not entitled in this case to rely on the doctrine of *res ipsa loquitur* to go to trial, and that defendant was entitled to judgment as a matter of law.

The judgment of the trial court is

Affirmed.

Judges ARNOLD and HILL concur.

---

[1] *Mosseller* involved damages caused by a leak in a municipal water line. Justice Lake, speaking for the Court, said:

> The reasonable care which is required of the city when engaged in such operation, like that required of a privately owned water company, includes the exercise of ordinary diligence to discover breaks in its lines and to correct such defects of which it has notice, or which it could have discovered by the exercise of reasonable inspection. Since the record is silent as to what caused the leak to develop in the water line, the plaintiff, in order to recover from the city as the operator of a system of waterworks, must show that the city was negligent in its failure to take steps to stop the flow of water *after it had actual or constructive notice of the leak.*

(Emphasis supplied.) 267 N.C. at 107, 147 S.E. 2d at 561.