427 So.2d 80 (1983)
Larry Jude CIKO
v.
CITY OF NEW ORLEANS, et al.
No. CA 0173.
Court of Appeal of Louisiana, Fourth Circuit.
February 3, 1983.
*81 McPherson & Zainey, James A. McPherson and Jay C. Zainey, New Orleans, for plaintiff-appellant.
Salvador Anzelmo, City Atty., George R. Simno, III, Deputy City Atty., Avis Marie Russell, Asst. City Atty., New Orleans, for defendants-appellees.
Before GULOTTA, AUGUSTINE and BYRNES, JJ.
BYRNES, Judge.
In this personal injury case appellant, Larry Ciko, seeks reversal of a ruling in the trial court denying his claim for damages against the City of New Orleans. The facts of this case are somewhat unique. On Nov. 7, 1974 at approximately 4:45 p.m., the appellant was involved in a one car automobile accident in which he struck three parked cars and a utility pole. When the police, who were summoned to investigate the accident, arrived they found that Mr. Ciko did not know how or why the accident had occurred. Although there were no signs of physical injury to the appellant both the police officer investigating the accident and a witness testified at trial that Mr. Ciko did not make much sense when he attempted to communicate with the police. He called himself a disciple of God and said that nothing could harm him. One witness described Ciko as very incoherrent and glassy eyed. The officer who completed the accident report testified that although he offered Mr. Ciko medical assistance because of his unusual behavior this offer was refused. The other two officers present at the scene of the accident also testified concerning Mr. Ciko's actions. They described Mr. Ciko as disoriented and his behavior as unusual. These officers also offered medical assistance to Mr. Ciko several times in front of witnesses. They explained that they felt it necessary to offer assistance more than once because Mr. Ciko was a little disoriented about his answers. Mr. Ciko was issued a citation which he accepted. When the investigation of the accident was completed Mr. Ciko asked the police to bring him to Martin Brothers restaurant to use the telephone. As a courtesy to the appellant two of the officers brought him to the restaurant and left him there.
Several hours later the appellant was found by a hitch hiker. He was severely injured and had no memory of what had happened to cause his injuries. He told the hitch hiker that he had either jumped or fallen off of an overpass.
As a result of his injuries Mr. Ciko sued the City of New Orleans, alleging either police brutality or negligence by the police as the cause of his injuries. The trial court found that there was absolutely no evidence of brutality and the appellant has not addressed this issue on appeal. Accordingly, we affirm the lower court's finding of no brutality by the police.
On the issue of negligence the appellant makes two arguments. He first contends that during the investigation of the accident he was taken into official custody. Ciko asserts that because of his alleged arrest the police had a duty under C.Cr.P. Art. 228 and related jurisprudence to exercise a high degree of care in their treatment of him which he argues was breached by their actions.
During the investigation the officers had asked the appellant to wait in the patrol *82 car. This request was prompted by the tension which Mr. Ciko's unusual behavior was causing between himself and spectators at the scene. On appeal Mr. Ciko argues that this request was the functional equivalent of an arrest or taking into custody, thus imposing on the police a higher duty of care than is usual in accident cases.
Having reviewed the testimony of the officers involved we have no doubt that Mr. Ciko was never arrested or placed in official custody. He was asked by the police to wait in the patrol car. The record indicates that he voluntarily complied with this request. The officers involved further testified that once Ciko accepted the citation issued as a result of the accident they had no grounds to place him in custody or otherwise restrain him. The trial judge, who had the opportunity to evaluate this testimony first hand, found that no arrest took place. We agree and therefore affirm this finding.
The next argument urged by Mr. Ciko in support of his allegations of negligence centers on the ambit of a policeman's duty to obtain medical assistance for an accident victim. The appellant contends that offering assistance to a victim and having it refused is not sufficient to discharge this duty. He argues that if a policeman feels an accident victim is incapable of evaluating his need for assistance that policeman has a duty to substitute his judgment for that of the victim and compel him to receive medical treatment. We do not agree.
The police do not have the authority to force anyone, even those who are visibly injured, to receive medical treatment. Louisiana law gives all persons over the age of 18 the right to refuse medical treatment as to their own person. La.R.S. 40:1299.56. Moreover, under a duty risk tort analysis we cannot say the police owed a duty to the appellant beyond the offer of medical assistance.
In determining whether the police owed Ciko a duty to do more than offer assistance we must balance the interest of the individual to refuse treatment against the public's interest in seeing that those in need of medical assistance will receive it. An individual may choose to decline medical treatment for a variety of reasons. While the appellant in this case may have seemed disoriented this should not give the police the right or the duty to substitute their judgment for that of the injured person. To do so would violate the individual's right to refuse treatment which is protected by law. Moreover, the imposition of such a duty would allow, and in fact require the police to restrain an individual based solely on the officers subjective evaluation of that individual's mental state, a burden we are not willing to place on society or the police department.
This does not mean the police owe no duty to accident victims to offer them medical assistance. However we feel the police in this case adequately discharged that duty by their repeated offers of assistance. The appellant asked to be taken to a telephone, presumably to obtain assistance on his own or to contact a member of his family. Viewing the totality of the circumstances we cannot say the police were negligent in their handling of this case. They offered medical assistance which the appellant had a right to refuse and did in fact refuse. We feel the police acted reasonably under the circumstances and thus affirm the trial court's conclusion that they were not negligent.
All costs of this appeal to be borne by the appellant.