REBA H. PARDUE v. THE NORTHWESTERN BANK, W. G. MITCHELL, TRUSTEE, AND G. STACY PARDUE

No. 8523SC250

(Filed 19 November 1985)

**Quieting Title § 2.2— issue of fact as to identity of prior grantee—admission of genuineness of documents not conclusive as to their veracity—summary judgment not proper**

The trial court erred by granting summary judgment for defendants in an action to quiet title to real property in which plaintiff claimed a fee simple absolute interest where the property was conveyed to "Stacy Pardue" in 1971; plaintiff was married to James Stacy Pardue and had a son named Gene Stacy Pardue; Gene Stacy Pardue executed deeds of trust to secure loans from The Northwestern Bank in 1977 and 1980; James Stacy Pardue died in 1977 leaving all of his property to plaintiff; the property was sold in a foreclosure sale; plaintiff admitted the genuineness of inheritance tax reports, a bankruptcy petition, and a financial statement filed with the bank; and plaintiff had not mentioned the property or claimed a financial interest in the property in any

of those documents. To admit that a document is genuine is to admit that it is the document it purports to be, not that the statements on the document are true, and there was an unresolved issue of material fact as to whether James Stacy Pardue or Gene Stacy Pardue was the grantee under 1971 deed.

APPEAL by plaintiff from *Wood (William Z.), Judge.* Judgment entered 7 January 1985 in WILKES County Superior Court. Heard in the Court of Appeals 5 November 1985.

This is a civil action to quiet title to real property in which plaintiff claims a fee simple absolute interest. The property at issue was originally conveyed to "Stacy Pardue" on 3 June 1971. At that time, plaintiff, Reba Pardue, was married to James Stacy Pardue and had a son named Gene Stacy Pardue. On 11 March 1977 and 13 May 1980, Gene Stacy Pardue executed deeds of trust conveying the property at issue to a trustee to secure loans from The Northwestern Bank. On 4 July 1977 James Stacy Pardue died leaving all his property to Reba Pardue.

The property at issue in this case was sold by the trustee of the deeds of trust executed by Gene Stacy Pardue in a foreclosure sale held on 9 August 1983. Gene Stacy Pardue attacked the manner in which the trustee conducted the foreclosure sale. Summary judgment against Gene Stacy Pardue was entered 9 April 1984 because a resale of the property had been scheduled for 26 April 1984.

On 15 June 1984, Reba Pardue instituted this action. In her verified complaint she alleges that the deed to "Stacy Pardue" dated 3 June 1971 conveyed the property at issue to her husband, James Stacy Pardue, not to her son, Gene Stacy Pardue, and that she took title to the property as devisee of all her husband's property. She claims that a deed of trust executed by her son to secure a loan from The Northwestern Bank is a cloud on her title and prays that she be adjudged owner of an unencumbered fee simple interest in the property.

The trial court entered summary judgment for defendants and dismissed the action.

*Beach & Correll, P.A., by Neil D. Beach, for plaintiff appellant.*

*Lawson R. Niles for defendant appellee, The Northwestern Bank.*

*W. G. Mitchell for defendant appellee substitute trustee.*

WELLS, Judge.

The defendant bank and substitute trustee argue that they are entitled to summary judgment because Reba Pardue admitted that she is not the owner of the property at issue in this case. They base their contention on the fact that Reba Pardue, upon receipt of defendants' requests for admissions, admitted the "genuineness" of inheritance tax reports, a bankruptcy petition and a financial statement she filed with the defendant bank. Reba Pardue did not mention the property or claim any interest in the property on any of these documents. Contrary to the contention of the defendant bank and substitute trustee, an admission of the "genuineness" of a document is not an admission of a document's veracity. To admit that a document is genuine is to admit that it is the document it purports to be, not that the statements on the documents are true.

The party moving for summary judgment has the burden of clearly establishing the lack of any triable issue of material fact and that the movant is entitled to judgment as a matter of law. *Caldwell v. Deese*, 288 N.C. 375, 218 S.E. 2d 379 (1975). Reba Pardue submitted the affidavits of some of the grantors of the 3 June 1971 deed to "Stacy Pardue." In these affidavits, the grantors assert that Reba Pardue's husband, James Stacy Pardue, was the grantee under the deed. Whether James Stacy Pardue or Gene Stacy Pardue was the grantee under the 3 June 1971 deed is an unresolved issue of material fact. Therefore, summary judgment was improvidently granted.

The judgment appealed from is reversed and the cause is remanded for further proceedings.

.Chief Judge HEDRICK and Judge EAGLES concur.