Doerner v. City of Asheville

WYAND F. DOERNER, III, BY AND THROUGH HIS GUARDIAN, DORIS PRICE v. CITY OF ASHEVILLE, OFFICER BEVERLY LEE, SERGEANT HERBERT J. WATTS, AND ROBERT OVERMAN

No. 8728SC992

(Filed 3 May 1988)

**Municipal Corporations § 9.1; Public Officers § 9— police officer investigating assault — victim's refusal of medical assistance — duty of officer**

The trial court properly granted summary judgment for defendants in plaintiff's action alleging that two defendants were negligent in their duties as police officers in that they failed to render first aid or cause first aid to be rendered by others where plaintiff at no time was unconscious, semiconscious, or other than coherent; one defendant approached plaintiff on the street and attempted to investigate when plaintiff told her he had been assaulted; she told plaintiff it was her opinion that he needed medical attention; in each instance plaintiff affirmatively refused help and stated that all he wanted was to go to his motel room; defendant took plaintiff to his motel room where he was found unconscious two days later; plaintiff suffered irreparable brain damage and was totally disabled; and defendant police officers could have done no more than offer assistance.

APPEAL by plaintiff from *Lewis (Robert D.), Judge.* Judgment entered 10 July 1987 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 8 March 1988.

Plaintiff appeals the trial court's grant of summary judgment in favor of Officer Beverly Lee (Lee), Sergeant Herbert J. Watts (Watts), and the City of Asheville (City). Plaintiff's complaint specifically alleges that defendant Lee and defendant Watts were grossly negligent in their duties as police officers in that they failed to render first aid or cause first aid to be rendered by others in order to assist plaintiff and prevent him from further injury. Plaintiff sues the City under the theory of *respondeat superior.* Summary judgment was not granted in favor of defendant Overman and he is not a party to this appeal.

*McLean & Dickson, by Russell L. McLean, III, for plaintiff-appellant.*

*Roberts, Stevens & Cogburn, by Frank P. Graham and Glenn S. Gentry, for defendant-appellees, City of Asheville, Officer Beverly Lee, and Sergeant Herbert J. Watts.*

EAGLES, Judge.

The issue before us is whether the trial court erred in granting summary judgment for the defendants. After careful examination of the record, we affirm the trial court's order.

In ruling on a motion for summary judgment, the trial court must consider the evidence in the light most favorable to the non-movant. *Caldwell v. Deese*, 288 N.C. 375, 218 S.E. 2d 379 (1975). All inferences drawn from the evidence must be drawn in favor of the non-movant. *Id.* Only when the moving party shows that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law, may the court grant summary judgment. *Ragland v. Moore*, 299 N.C. 360, 261 S.E. 2d 666 (1980).

The facts here, in the light most favorable to plaintiff, show the following. On 5 January 1985 plaintiff became involved in a fight in an Asheville bar. Plaintiff left the bar. Shortly thereafter Donald Netherton observed him on Lexington Avenue. Netherton called the police and informed them that there was an injured person on Lexington Avenue who looked like his throat had been cut.

Officer Lee responded to the call. When she arrived, she observed plaintiff walking on Walnut Street, which runs perpendicular to Lexington Avenue. At that time plaintiff appeared to be fairly clean, conscious, and coherent. He was not bleeding then but there was dried blood on his face and clothing. When Lee asked plaintiff what had happened, he told her that he had been hit in the head with a stick in a bar but he could not remember just where it had happened. Lee then asked plaintiff to accompany her so that they might determine where the assault occurred. Before allowing plaintiff to get into the police car, Lee frisked him. She found only a motel room key. Lee next secured radio permission from the dispatcher to transport plaintiff.

Plaintiff got into the police car with Officer Lee. They first went to Wally's Bar on Lexington Avenue where Lee inquired and determined that the fight did not take place there. At this point Lee asked plaintiff if he wanted to "have his head checked" and if he wanted a report filed. Lee asked these questions on at least three occasions. Further, Officer Lee told plaintiff that she "felt like he needed to go have his head checked." On each occa-

sion, however, plaintiff refused treatment saying he just wanted to go back to his motel and go to bed. Officer Lee radioed Sergeant Watts and received permission to take plaintiff to his motel room. Lee drove plaintiff to his motel and watched him enter his room. Two days later plaintiff was discovered unconscious in his motel room. Plaintiff has suffered irreparable brain damage and is now totally disabled.

Plaintiff argues that Lee and Watts were negligent in dealing with plaintiff because they failed to render first aid or cause first aid to be rendered by others. To prevail on these negligence claims plaintiff must demonstrate (1) the existence of a legal duty by the defendants to the plaintiff, (2) a breach of the duty, and (3) that the negligent act or omission was the proximate cause of plaintiff's injury. *Meyer v. McCarley and Co.*, 288 N.C. 62, 215 S.E. 2d 583 (1975). Plaintiff's claim against the City depends on the negligence of Watts and Lee through the theory of *respondeat superior*.

The threshold inquiry here is what duty does an investigating police officer owe to a conscious assault victim. Plaintiff concedes in his brief that in North Carolina there is no statutory duty on the part of the police to assist a conscious victim. We note that G.S. 15A-503 imposes a duty on police who *arrest* an unconscious or semiconscious person to make a reasonable effort to provide appropriate medical care. Plaintiff further acknowledges the rule that citizens generally have no duty to come to the aid of one who is injured. Restatement (2d) Torts, Section 314. Plaintiff argues, however, that Officer Lee's conduct in dealing with plaintiff was such that she took plaintiff into her custody or charge and, therefore, was under a duty to act. Restatement (2d) Torts, Section 314A(4); *cf. Klassette v. Mecklenburg County Mental Health*, 88 N.C. App. 495, 364 S.E. 2d 179 (1988) (mental health facility supervisor's conduct precluded any other person from assisting victim of drug overdose). Plaintiff argues alternatively that a duty of reasonable care arose under Restatement (2d) Section 324 because plaintiff was helpless and Officer Lee took charge of him.

We believe the record is devoid of evidence tending to show that plaintiff was semiconscious, unconscious or helpless. We cannot say that there is no evidence from which a jury might find

that plaintiff was in Officer Lee's custody so that a duty of reasonable care was owed to him.

Assuming *arguendo* that a duty of reasonable care arose under these circumstances, looking at the evidence in the light most favorable to plaintiff, we hold as a matter of law that neither Officer Lee nor Sergeant Watts breached their duty of reasonable care. On at least three occasions Officer Lee asked plaintiff whether he wanted medical assistance. At no time was plaintiff unconscious, semiconscious or other than coherent. Lee told plaintiff that it was her opinion that he needed medical attention. In each instance plaintiff affirmatively refused help and stated that all he wanted was to go to his motel room. Given plaintiff's apparent coherence and his adamant refusal to receive medical attention, Officer Lee and Sergeant Watts could do no more. Though distinguishable in part because Louisiana by statute explicitly allows all persons to refuse medical treatment, we are supported by the logic of *Ciko v. City of New Orleans*, 427 So. 2d 80 (La. Ct. App. 1983), that defendant police officers, on these facts, could do no more than offer assistance. We decline to insist that each police officer substitute his judgment for that of an injured but conscious, coherent person who has refused offers of medical assistance. Accordingly, we affirm the judgment of the trial court.

Affirmed.

Judges COZORT and SMITH concur.