DEBORAH MOORE, ADMINISTRATRIX OF THE ESTATE OF KEVIN JAMAL MOORE
v. TIMOTHY RANDALL WILSON

No. 8826SC73

(Filed 6 September 1988)

**Automobiles § 63.1— striking child darting into road—sufficiency of evidence of negligence**
      The trial court in a wrongful death action erred in entering summary judgment for defendant where the depositions of the eyewitnesses sharply conflicted as to the speed limit at the scene, the location of the child and a parked car, how the child got into the street, how long he was there before being hit, and how fast defendant was driving his car, and such evidence raised an issue as to whether defendant maintained a proper lookout.

APPEAL by plaintiff from *Snepp, Judge.* Order entered 2 November 1987 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 1 June 1988.

*Olive-Monnett, P.A. & Associates, by Paul Hefferon, for plaintiff appellant.*

*Collie and Wood, by James F. Wood, III, for defendant appellee.*

PHILLIPS, Judge.

This action for the wrongful death of Kevin Jamal Moore, age two years and eleven months, was dismissed by an order of summary judgment following a hearing at which several depositions and other materials were considered. The child, who lived at 5419 Lawrence Orr Road in Charlotte with his parents and two older brothers, was killed in the street in front of his house on a clear, dry, sunny September evening by a car operated by defendant. In dismissing plaintiff's action and concluding as a matter of law that the materials established that defendant was not negligent in causing the child's death the court apparently was under the impression that the depositions of the several persons who witnessed the accident were all to the effect that the child suddenly darted into the street in front of defendant's car when it could not possibly be stopped; but that impression was not well-founded and the summary judgment based thereon is erroneous. For the testimony in regard to defendant's negligence was conflicting and

summary judgment is authorized only when it clearly appears that no material issue of fact exists. Rule 56(c), N.C. Rules of Civil Procedure; *Caldwell v. Deese*, 288 N.C. 375, 218 S.E. 2d 379 (1975).

The depositions are without material conflict as to the following circumstances, none of which, however, bear directly upon defendant's alleged negligence: Lawrence Orr Road at that place is a two-lane street approximately 24 feet wide that runs north and south; for cars going north the Moore house was on the right immediately after the Mundy house; at the far or north end of the Moore's lot was their driveway entrance, next to which was a pampas grass bush between four and six feet high and the mailbox; and directly across from the Moore house was a cul-de-sac named Sun Ray Court. At the time involved a neighbor's car, between ten and fifteen feet long, was parked on the side of the street that the Moore and Mundy houses were on, but as to just where the witnesses differed, and several children were playing or talking and at least one adult was standing in the cul-de-sac across the street. Immediately before the accident defendant, age 24, was driving a Toyota Starlet in a northerly direction on Lawrence Orr Road and no other traffic was present. Immediately before the child got into the street, according to all the witnesses who claimed to have seen him actually enter the street, he was standing at the edge of the driveway to his house, next to the pampas grass bush and mailbox. But as to the matters upon which defendant's alleged negligence depends, including how the child got in the street, how long he was there before he was hit, what part of the car hit him, where the impact between car and child occurred, how fast defendant was traveling, what defendant's actions and the speed limit were, and whether the parked car obscured defendant's view of the child, the depositions are sharply in conflict.

One witness said the speed limit was 35, others said it was 25. One witness said the car was parked mostly in front of the Mundy house near the Moore property line, another said it was in front of the Moore house, and still another said it was parked next to the Moore driveway. Three people, all standing in Sun Ray Court across the street, testified that they saw the child enter the street and get hit by defendant's car but they were not unanimous as to what was seen. *Betty Mundy*, age 28, testified that though she yelled to Kevin, standing by the mailbox and

pampas grass bush, "Don't come out in the street," the child nevertheless ran into the street and was immediately hit by defendant's car, which had slowed down to pass the parked car and was not going fast at all. She also testified that the impact occurred in the middle of the street, the right front of the car hit the child and knocked him up into the air, and after defendant's car stopped at the end of the block "one house length" away (a distance not testified to by anybody), he walked back to the scene and told her and other onlookers "I didn't see it. I didn't see nothing. All I knew was when I hit something, I knew I had hit it. I didn't see him when he ran out." *Dana Faulkenbury*, age 12, testified that upon seeing Wilson's car approaching she turned to see if the child was still by the driveway and he was two or three feet into the street, but she did not know whether he had walked or run in getting there, and that he was hit by the right front fender of the car. *Elizabeth Deal*, age 16, testified that the child walked into the street and was in it three to five seconds before he was hit by the car's bumper, and that the impact occurred in the right lane. *Jan Wilcalis*, age 35, who was between the Moore house and the Mundy house, testified that she heard the impact, looked up and saw the child in the middle of the street about ten feet in the air, and that there was a mark on the driver's side of the car. She also testified that shortly before the accident (how long was not estimated) she saw the child playing in Sun Ray Court with other children, she thought he entered the street from that side but was not sure since she did not actually see him enter the street, and that after the accident she heard defendant tell a police officer he was going a little fast and when he saw the children in the cul-de-sac thought to himself that he should slow down but did not do so. *Defendant testified* that as he approached the Moore house he was traveling between 15 and 20 M.P.H. and upon seeing the children in Sun Ray Court to his left slowed down, and that immediately after passing the parked car and while his car was in the middle of the street he felt an impact, but did not see the child until after it was hit by the right front of the car.

One of plaintiff's allegations of neglect is that at the time and place involved defendant did not maintain a proper lookout as the law requires of all who operate motor vehicles on a public road or street. *Dawson v. Jennette*, 278 N.C. 438, 180 S.E. 2d 121 (1971).

This allegation is supported by the following portions of the above stated evidence: Defendant's admission that he did not see the child at all before his car hit him, Elizabeth Deal's testimony that the child walked rather than ran into the street and was there three to five seconds before it was hit, and the testimony of Jan Wilcalis that the impact occurred in the middle of the street and the child was hit by the front of the car on the driver's side.

The dismissibility of plaintiff's claim for negligence being the only question before us and having ruled that the claim was erroneously dismissed, it is neither advisable nor necessary that we go further and determine the probative effect, if any, of the other testimony referred to and whether it supports any other allegations of neglect; for those questions may not arise at trial and if they do the context may not be the same, and our duty is to determine the validity of the order appealed from, not chart the course at trial.

Vacated and remanded.

Judges WELLS and BECTON concur.