**Roger LYON, Plaintiff,**

v.

**CENTIMARK CORPORATION, Barry L. Budkey, and John P. Liekar, Jr., Defendants.**

**No. 92–337–CIV–5–BO.**

United States District Court, E.D. North Carolina, Raleigh Division.

Oct. 25, 1992.

---

Jeffrey L. Jenkins, Jackson & Jenkins, Henderson, N.C., for plaintiff.

Lynn Fontana, Durham, N.C., for defendants.

## ORDER

TERRENCE WILLIAM BOYLE, District Judge.

This matter is before the court on plaintiff Roger Lyon's motion for remand to the Superior Court for Vance County, North Carolina, where this action was originally filed and from whence it was subsequently removed. Defendants oppose remand, invoking this court's diversity jurisdiction under 28 U.S.C. § 1441(a). Specifically, defendants claim that the court has subject matter jurisdiction over the case because defendant Budkey, the sole nondiverse defendant, was either fraudulently joined in order to bar removal, or else is an unnecessary and dispensable party who may be dismissed in order to preserve diversity. In addition, or as alternatives to their opposition to remand, defendants seek either dismissal of the action for lack of personal and subject matter jurisdiction, or a transfer to the Western District of Pennsylvania, a forum more convenient to the defendants. For the reasons set out below, the court finds that it lacks subject matter jurisdiction over the controversy, and accordingly remands the case to state court as having been improvidently removed.

## FACTS

Plaintiff Roger Lyon, a resident of North Carolina, filed the instant action in the Superior Court for Vance County, North Carolina, on April 10, 1992. The complaint stated seven causes of action against defendants Centimark and Liekar, both Pennsylvania residents, and defendant Budkey, a citizen of North Carolina. Counts One through Four sounded in tort, while the remaining three counts alleged unfair trade practices, abuse of process and breach of contract, respectively. On May 8, 1992, defendants filed a Notice of Removal to this court pursuant to 28 U.S.C. § 1441, despite the fact that plaintiff and defendant Budkey are both North Carolina citizens. Defendants now oppose remand to the North Carolina courts based on their allegation that Budkey was either improperly joined for the sole purpose of defeating federal diversity jurisdiction, or else is a merely permissive party who should be dismissed in order to sustain such jurisdiction.

## DISCUSSION

█ Whether a case has been properly removed is largely determined by reference to plaintiff's state court complaint. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537, 59 S.Ct. 347, 348–49, 83 L.Ed. 334 (1939). While the range of federal judicial authority is by no means bound by the phrasing of

that complaint, this court will disregard plaintiff's characterization of the action and the appropriate parties thereto only where necessary to avoid unjust manipulation or avoidance of its jurisdiction. *See generally* Fed.R.Civ.P. 21 ("[p]arties may be dropped or added by order of the court ... on such terms as are just"); 14 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3641 (party opposing remand has burden of showing that joinder was made without any reasonable basis and solely to defeat removal); *see e.g. AIDS Counseling & Testing Centers v. Group W Television*, 903 F.2d 1000, 1004 (4th Cir.1990) (upholding district court's refusal to allow plaintiff's post-removal motion to amend complaint by adding non-diverse party whose connection with the action could be shown "only through a series of the most tenuous inferences").

■ Defendants' argument against remand is based on their mischaracterization of the action as based primarily on breach of contract. From this premise, defendants deduce that plaintiff's sole right of recovery is against Centimark, as the individual defendants Budkey and Liekar are shielded from personal liability by their status as mere agents of Centimark acting within the scope of their agency. Defendants thus conclude that plaintiff's naming Budkey and Liekar as parties to the action constitutes misjoinder. This reasoning overlooks the fact that the first four of plaintiff's seven causes of action allege torts for which, under North Carolina law, the individual defendants would be personally liable regardless of their position as agents of Centimark. *Strang v. Hollowell*, 97 N.C.App. 316, 318, 387 S.E.2d 664 (1990). Further, defendants have not established— and at this stage of the proceedings likely cannot—that all of the alleged tortious acts committed by Budkey and Liekar did in fact fall within the scope of their duties as officers of Centimark. Thus, plaintiff's complaint sets out claims against the Bud-

key and Liekar sufficient to join them as defendants.[1]

■ As an alternative to their misjoinder defense to remand, defendants argue that Budkey and Liekar should be dismissed from the action as mere joint tortfeasors whose presence is not necessary to plaintiff's full recovery. Here, defendants draw too stark a distinction between an indispensable party, who must be joined if possible under Rule 19 of the Federal Rules of Civil Procedure, and a frivolously or fraudulently joined party, who should be dismissed under Rule 21. The individual defendants in the instant action fall into the middle class of permissive parties described in Rule 20, who may properly be joined in the action based on their joint liability for the torts alleged. Although the inclusion of permissive parties is not absolutely essential to the resolution of plaintiff's claim, neither do defendants have the right to demand their dismissal.

> Where, in the absence of clear proof of bad faith in the joinder, concurrent acts of negligence on the part of the defendants sued as joint tort-feasors are sufficiently alleged, a separable controversy is not presented and the fact the defendants might have been sued separately affords no grounds for removal. This rule is applied where a non-resident employer and its resident employee, whose negligence caused the injury, are sued jointly.

*Pullman*, 305 U.S. at 538, 59 S.Ct. at 349.

As defendants have failed to carry their burden of showing that defendant Budkey was joined solely to defeat diversity and without any reasonable basis for recovery against him, the court will not exert its discretionary power to dismiss him from the action. Further, as Budkey's continued presence destroys the diversity upon which the action was removed to this court, the court finds that it has no subject matter jurisdiction upon which to proceed in the matter. Accordingly, plaintiff's motion for

---

1. The court expressly refrains from a finding as to the validity of plaintiff's claims, having halted its inquiry upon the initial determination of their sufficiency to defeat removal. Similarly, the court does not reach defendants' alternate and supplemental motions to dismiss or transfer the action.

**336**

remand is ALLOWED, and the cause remanded to the General Court of Justice, Superior Court Division, Ninth Judicial District, County of Vance, North Carolina, as having been improvidently removed.

SO ORDERED.