PAUL J. STRANG v. GENE HOLLOWELL D/B/A HOLLOWELL AUTO SALES AND STEVE JONES AND SOLAR CENTER, INC.

No. 8910DC690

(Filed 6 February 1990)

1. **Bailment § 3 (NCI3d)— consignment sale of automobile— damages to auto—individual liability of bailee**

    The trial court correctly ruled that, by failing to exercise due care in allowing an automobile to be damaged while in his custody, defendant committed a tort for which he can be held individually liable where defendants Hollowell and Jones met with plaintiff to negotiate a consignment agreement for the sale of plaintiff's automobile; a written consignment contract was executed between plaintiff and Hollowell Auto Sales, with defendant Jones signing the contract on behalf of Hollowell Auto Sales; defendants transported the automobile to the Hollowell Auto Sales lot in Morehead City; defendants were unable to sell the car and it was returned to plaintiff; plaintiff then discovered that the automobile had been damaged; and plaintiff, who had been under the impression that Hollowell Auto Sales was a sole proprietorship operated by defendant Hollowell, learned upon suing defendants that Hollowell Auto Sales was a trade name for Solar Center, Inc. Defendant was a bailee of plaintiff's automobile while it was in his custody in Morehead City and a bailee is obligated to exercise due care to protect the subject of the bailment from negligent loss, damage or destruction; while this obligation arises from the relationship created by the contract of bailment, breach of this contractual duty results in a tort and it is well settled that one is personally liable for all torts committed by him, including negligence, notwithstanding that he may have acted as an agent for another or as an officer for a corporation.

    **Am Jur 2d, Bailment §§ 45, 217-219.**

2. **Principal and Agent § 7 (NCI3d)— bailment—use of trade name—disclosure not sufficient**

    Although a bailment case involving an automobile was decided on other grounds, it was noted that the existence

of means by which the fact of agency might be discovered was insufficient to disclose agency.

**Am Jur 2d, Agency §§ 325, 327.**

APPEAL by defendant Gene Hollowell d/b/a Hollowell Auto Sales from *Payne, L. W., Judge.* Judgment entered 19 January 1989 in WAKE County District Court. Heard in the Court of Appeals 10 January 1990.

On 2 January 1987 plaintiff met with defendants Hollowell and Jones in Cary, North Carolina to negotiate a consignment agreement for the sale of plaintiff's 1974 Pantera automobile which had an estimated value of $23,000 to $25,000. A written consignment contract was executed between plaintiff and Hollowell Auto Sales. Defendant Jones, then employed by Hollowell Auto Sales, signed the contract on behalf of Hollowell Auto Sales. Plaintiff gave defendants the keys to his automobile and they transported it by flatbed trailer to the Hollowell Auto Sales lot in Morehead City. Defendants Jones and Hollowell were unable to sell the Pantera and it was returned to plaintiff in August 1987. At that time plaintiff discovered that the automobile had been damaged to an extent which reduced its value to between $10,000 and $12,000.

On 23 December 1987 plaintiff sued defendants Jones and Hollowell for negligence in their bailment of his automobile. Plaintiff was unaware that Hollowell Auto Sales was a trade name for Solar Center, Inc., whose principal place of business is in Carteret County. Plaintiff was under the impression that Hollowell Auto Sales was a sole proprietorship operated by defendant Hollowell. On motion of defendant Hollowell in open court, defendant Solar Center, Inc. was added as an additional party prior to trial.

Defendant Jones did not file an answer to plaintiff's complaint and default judgment was subsequently entered against him. At a non-jury trial, judgment in the amount of $11,000 was entered against defendants Jones and Hollowell, jointly and severally. Defendant Gene Hollowell appeals.

*William A. Smith, Jr. for plaintiff-appellee.*

*Manning, Fulton & Skinner, by Robert S. Shields, Jr., for defendant-appellant Hollowell.*

WELLS, Judge.

[1] The only issue presented in this appeal is whether defendant Hollowell can be held individually liable for plaintiff's damages. Defendant contends that he was acting as an agent of Hollowell Auto Sales and therefore cannot be held personally liable. Defendant further asserts that, regardless of the fact that plaintiff was unaware that Hollowell Auto Sales was a trade name for Solar Center, Inc., defendant is nevertheless shielded from individual liability because Solar Center, Inc. fulfilled its legal obligation to disclose its relationship with Hollowell Auto Sales by filing an assumed name certificate in Carteret County pursuant to N.C. Gen. Stat. §§ 66-68 (1985 & Supp. 1989). For the following reasons, we disagree.

When plaintiff gave possession of his automobile to defendant under the consignment contract a bailment for the mutual benefit of bailor and bailee was created. This bailment continued until the automobile was returned to plaintiff in August 1987. Defendant was therefore a bailee of plaintiff's automobile while it was in his custody in Morehead City. *See, e.g., U.S. Helicopters, Inc. v. Black*, 318 N.C. 268, 347 S.E.2d 431 (1986), and cases cited therein. A bailee is obligated to exercise due care to protect the subject of the bailment from negligent loss, damage, or destruction. His liability depends on the presence or absence of ordinary negligence. *Millers Mut. Ins. Ass'n of Ill. v. Atkinson Motors*, 240 N.C. 183, 81 S.E.2d 416 (1954); *Terrell v. H & N Chevrolet Co.*, 11 N.C. App. 310, 181 S.E.2d 124 (1971). While this obligation arises from the relationship created by the contract of bailment, breach of this contractual duty results in a tort. *Millers Mut. v. Atkinson, supra; see also Miller's Mut. Fire Ins. Ass'n of Alton, Ill. v. Parker*, 234 N.C. 20, 65 S.E.2d 341 (1951). It is well settled that one is personally liable for all torts committed by him, including negligence, notwithstanding that he may have acted as agent for another or as an officer for a corporation. *Palomino Mills, Inc. v. Davidson Mills Corp.*, 230 N.C. 286, 52 S.E.2d 915 (1949); *see also Esteel Co. v. Goodman*, 82 N.C. App. 692, 348 S.E.2d 153 (1986), *disc. rev. denied*, 318 N.C. 693, 351 S.E.2d 745 (1987) (An officer of a corporation who commits a tort is individually liable for that tort, even though acting on behalf of the corporation in committing the act.). Furthermore, the potential for corporate liability, in addition to individual liability, does not shield the individual tortfeasor from liability. Rather, it provides the injured party a choice as

to which party to hold liable for the tort. *Palomino Mills, supra* at 292, 52 S.E.2d at 919.

Here there is no dispute that plaintiff's automobile was returned to him in a damaged condition. Defendant does not except to the trial court's findings and conclusions that a bailment was created between plaintiff and defendant and that "defendants were negligent in their care and control of the vehicle while it was in their possession." We therefore hold that the trial court correctly ruled that by failing to exercise due care and allowing the automobile to be damaged while in his custody, defendant committed a tort for which he can be held individually liable.

[2] Because the resolution of this case is in tort for negligence, rather than in contract for breach, we need not reach the issue of whether defendant had sufficiently disclosed his agency with Hollowell Auto Sales or with Solar Center, Inc. However, we note that our Supreme Court has said that use of a trade name is not sufficient as a matter of law to disclose the identity of the principal and the fact of agency. *Howell v. Smith*, 261 N.C. 256, 134 S.E.2d 381 (1964); *MAS Corp. v. Thompson*, 62 N.C. App. 31, 302 S.E.2d 271 (1983). Likewise, the existence of means by which the fact of agency *might* be discovered is also insufficient to disclose agency. *Id.* (Emphasis added.)

The judgment of the trial court is

Affirmed.

Chief Judge HEDRICK and Judge ARNOLD concur.