ROBERTO CASTILLO TRUJILLO AND WILLIAM LEWIS KING, ADMINISTRATOR OF THE ESTATE OF PEDRO BELTRAN BORBONIO, PLAINTIFFS v. NORTH CAROLINA GRANGE MUTUAL INSURANCE CO. AND HALIFAX MUTUAL INSURANCE CO., DEFENDANTS

No. COA00-1204

(Filed 16 April 2002)

**Insurance— farm machine—not covered**

    The trial court erred by granting summary judgment for plaintiffs in a declaratory judgment action to determine whether defendant insurance companies provide coverage for a farmworker injured by a cotton picker where three brothers shared the operation of their farms and there were factual issues as to whether the brothers were partners and as to who employed the person operating the machine, but there was no genuine issue of material fact that the machine was not a vehicle to which the policy applied.

Appeal by defendant North Carolina Grange Mutual Insurance Company from order entered 9 June 2000 by Judge Frank R. Brown in Wilson County Superior Court. Heard in the Court of Appeals 23 August 2001.

*Gibbons, Cozart, Jones, Hughes, Sallenger & Taylor, by W. Earl Taylor, Jr., and Andrew J. Whitley, for plaintiff-appellees.*

*Gabriel Berry & Weston, L.L.P., by Robert A. Wells; and Richmond G. Bernhardt, Jr., for defendant-appellant North Carolina Grange Mutual Insurance Company.*

MARTIN, Judge.

Plaintiffs brought this action seeking a declaratory judgment to determine whether defendant insurance companies provide coverage for personal injuries sustained by Roberto Castillo Trujillo and the death of Pedro Beltran Borbonio. In a separate action, a jury found that Trujillo was injured, and Borbonio was killed, on 13 October 1996 as a result of the negligent operation of a cotton picker machine by Donald Ray Vick. The same jury also determined that Robert Harrell, Russell Harrell, and Melvin Harrell, d/b/a Harrell Farms were not negligent. Plaintiffs were awarded judgment against Vick for damages for Trujillo's injuries and Borbonio's death.

In their complaint for declaratory judgment, plaintiffs alleged that at the time of the accident, Vick "was an employee of Melvin O. Harrell and Russell Harrell, and Robert Harrell d/b/a Harrell Farms," and that Vick was acting "in the course and scope of his employment with Melvin O. Harrell, Russell Harrell, and Robert Harrell d/b/a/ Harrell Farms." Plaintiffs alleged that Melvin O. Harrell was insured under a policy issued by Halifax Mutual Insurance Company (Halifax), and that Russell Harrell was insured under a policy issued by defendant North Carolina Grange Mutual Insurance Company (defendant NCGMIC). Plaintiffs alleged that Vick was an insured under both of the policies.

Plaintiffs submitted to a voluntary dismissal with prejudice as to Halifax. Defendant NCGMIC filed an answer admitting that it insured Russell Harrell under a policy of insurance which was in effect on the date of the accident, but denying that Donald Ray Vick was insured by the policy or that the policy provided any coverage for his negligent acts or omissions. After the completion of discovery, the trial court granted plaintiffs' motion for summary judgment. Defendant NCGMIC appeals.

---

Defendant NCGMIC assigns error to the trial court's grant of summary judgment for plaintiffs, arguing that Donald Ray Vick is not an insured under the insurance policy issued by defendant to Russell

Harrell and Sheila Harrell. For the reasons which follow, we agree with defendant; therefore, we reverse the order granting summary judgment in favor of plaintiffs and remand this case to the trial court for entry of summary judgment in favor of defendant NCGMIC.

Summary judgment is appropriate when the materials before the court reveal there is no genuine controversy concerning any factual issue which is material to the outcome of the action so that resolution of the action involves only questions of law. *First Federal Savings & Loan Ass'n. v. Branch Banking & Trust Co.*, 282 N.C. 44, 191 S.E.2d 683 (1972). The burden is on the party moving for summary judgment to show the absence of any genuine issue of fact and his entitlement to judgment as a matter of law. *Id.* In ruling on the motion, the court is not authorized to resolve any issue of fact, only to determine whether there exist any genuine issues of fact material to the outcome of the case. *Caldwell v. Deese*, 288 N.C. 375, 218 S.E.2d 379 (1975). When appropriate, summary judgment may be rendered against the moving party. N.C. Gen. Stat. § 1A-1, Rule 56(c).

It is well settled that "an insurance policy is a contract and its provisions govern the rights and duties of the parties thereto." *Fidelity Bankers Life Ins. Co. v. Dortch*, 318 N.C. 378, 380, 348 S.E.2d 794, 796 (1986) (citations omitted). In those circumstances where "the language of a contract is plain and unambiguous, the construction of the agreement is a matter of law for the court." *W.S. Clark & Sons, Inc. v. Ruiz*, 87 N.C. App. 420, 421-22, 360 S.E.2d 814, 816 (1987) (citation omitted). If an insurance policy is not ambiguous, "then the court must enforce the policy as written and may not remake the policy under the guise of interpreting an ambiguous provision." *Nationwide Mut. Ins. Co. v. Mabe*, 342 N.C. 482, 492, 467 S.E.2d 34, 40 (1996) (citing *Wachovia Bank & Trust Co. v. Westchester Fire Ins. Co.*, 276 N.C. 348, 354, 172 S.E.2d 518, 522 (1970)). Further,

> a contract of insurance should be given that construction which a reasonable person in the position of the insured would have understood it to mean and, if the language used in the policy is reasonably susceptible of different constructions, it must be given the construction most favorable to the insured, since the company prepared the policy and chose the language.

*Grant v. Emmco Ins. Co.*, 295 N.C. 39, 43, 243 S.E.2d 894, 897 (1978) (citations omitted).

TRUJILLO v. N.C. GRANGE MUT. INS. CO.

[149 N.C. App. 811 (2002)]

In this case, it is undisputed that defendant NCGMIC issued its policy of insurance to its named insureds, Russell Harrell and Sheila Harrell, and that the policy was in effect on the date of the accident in which Pedro Borbonio was killed and Roberto Trujillo was injured. The policy, a "Farmowners Policy—Broad Form" provided, in "Section II—Liability Coverage," coverage to an "insured" for liability for damages because of bodily injury or death "to which this coverage applies." The policy defined "insured" as the named insureds, Russell Harrell and Sheila Harrell and, as relevant to this case, an "insured" under the policy was also defined "with respect to any vehicle to which this policy applies, any person while engaged in your employment . . . ." The two issues, then, upon which this case turns are (1) whether Donald Ray Vick was, in the operation of the cotton picker, engaged in the employment of Russell Harrell so as to be an "insured" within the coverage of the NCGMIC policy, and (2) whether the cotton picker which he was operating at the time of the accident was a vehicle "to which [the NCGMIC] policy applies." We hold that a genuine issue of fact exists as to the first issue, precluding summary judgment in favor of plaintiffs, but that there is no issue of fact that the cotton picker operated by Vick was not a vehicle to which the NCGMIC policy applied. Thus, Vick cannot be an "insured" under the NCGMIC policy issued to Russell Harrell and NCGMIC is entitled to judgment as a matter of law.

The materials before the trial court for its consideration in ruling on the motion for summary judgment consisted of the pleadings, depositions, and trial transcript in the underlying tort action, as well as the pleadings and discovery in the present action. In the underlying action, plaintiffs alleged that Donald Ray Vick was an employee of "Russell H. Harrell, Robert T. Harrell and Melvin O. Harrell, d/b/a Harrell Farms, a partnership . . . ," that the cotton picker machine was owned by either Robert Harrell or Russell Harrell, and that the accident occurred while Borbonio, Trujillo and Vick were working on a farm owned by Melvin Harrell. In his answer, Vick admitted that he "was employed and paid by Harrell Farms with a check drawn on the Harrell Farms payroll account . . . ." He admitted upon information and belief that the cotton picker was owned by Robert Harrell and that the farm where the accident occurred was owned by Melvin Harrell. Russell Harrell similarly admitted that Vick was employed by Russell Harrell and Robert Harrell, d/b/a Harrell Farms, a partnership, and that the cotton picker was "owned by either Russell H. Harrell or Robert T. Harrell."

TRUJILLO v. N.C. GRANGE MUT. INS. CO.

[149 N.C. App. 811 (2002)]

In his deposition taken in the underlying action, Vick testified that his employer and supervisor was Russell Harrell. At the trial of the underlying action, however, Vick testified that he was employed by Harrell Farms and that he was paid by Harrell Farms checks. Robert Harrell testified in the underlying action that Harrell Farms consisted of himself; his brother, Russell Harrell; and their father, Melvin Harrell. All three owned their own farms and equipment and set up a common account to share the labor pool. Russell Harrell testified that Vick was employed by Harrell Farms.

There is evidence from which a jury could, but would not be compelled to, find that Russell Harrell, Robert Harrell, and Melvin Harrell were in fact engaged in business as partners. "A partnership is a combination of two or more persons, their property, labor, or skill in a common business or venture under an agreement to share profits or losses and where each party to the agreement stands as an agent to the other and the business." *G.R. Little Agency, Inc. v. Jennings*, 88 N.C. App. 107, 110, 362 S.E.2d 807, 810 (1987) (citations omitted). The existence of a partnership does not require an express written or oral agreement; its existence may be inferred by the conduct of the parties and requires examination of the circumstances. *Wilder v. Hobson*, 101 N.C. App. 199, 398 S.E.2d 625 (1990); *see* N.C. Gen. Stat. § 59-37.

Not only is the existence of the partnership an issue material to the resolution of this action, the allegations, admissions, and testimony also disclose a factual dispute as to Donald Ray Vick's employer. There is considerable evidence that Vick was employed by the partnership, if such a partnership is found to have existed at the time of the accident; there is also evidence that Vick was an employee of Russell Harrell.

Plaintiffs argue that the issue of who employed Vick is not material because all partners are jointly and severally liable for the acts and obligations of the partnership. However, there is no partnership obligation at issue here; the jury in the underlying action found no liability on the part of the individual Harrells or Harrell Farms. The only issue is whether NCGMIC provides coverage for Vick as an "insured" under Russell Harrell's policy. Vick can only be an "insured" under the policy if he is employed by Russell Harrell. " 'A partnership as employer constitutes an entirely different employer than would exist if one of the partners is the individual employer. . . . A partnership is a distinct entity from the individual members constituting it.' " *Oklahoma Farm Bureau Mut. Ins. Co. v. Mouse*, 268 P.2d 886, 889 (1953) (quoting *Anderson v. Dukes*, 143 P.2d 800, 801 (1943)). Thus,

there is a genuine issue of fact as to whether Vick was engaged as an employee of NCGMIC's named insured, Russell Harrell, at the time of the accident giving rise to this action.

As noted above, even if Vick had been an employee of Russell Harrell, in order to come within the coverage of the policy as an "insured" he would have to have been operating a vehicle to which the policy applied. Under the language of the policy, " 'insured' also means: . . . b. with respect to any vehicle to which this policy applies, any person while engaged in your employment. . . ."

The policy declarations listed the mobile agricultural equipment to which the coverage applied, including a 1996 John Deere model 9965 cotton picker. NCGMIC argues, however, that the evidence is uncontroverted that at the time of the accident, Vick was not operating the cotton picker owned by Russell Harrell and listed in the policy. Instead, the evidence shows Vick was operating a model 9960 cotton picker owned by Robert Harrell. Therefore, defendant NCGMIC argues, regardless of by whom Vick was employed, there can be no coverage for Vick's operation of a vehicle to which the NCGMIC policy does not apply and defendant is entitled to summary judgment in its favor as a matter of law.

Plaintiffs counter that the policy issued by NCGMIC to Russell Harrell contained a Custom Farming endorsement, by which the liability coverage was extended "to include farm tractors, trailers, implements, . . ., or vehicles used while under contract to others for a charge in connection with any farming operation." They argue the endorsement extends coverage to Vick, as an employee of Russell Harrell, under the policy. We disagree.

The plain language of the Custom Farming endorsement requires that equipment be used "under contract to others for a charge" in order for coverage to be extended under the endorsement. There is no evidence from which a jury could find that, on the date of the accident, Russell Harrell was using Robert Harrell's cotton picker under contract with Melvin Harrell for a charge. Though the cotton picker was operating in a field owned by Melvin Harrell on the date of the accident, there was no evidence of any arrangement between Melvin Harrell and Russell Harrell whereby Russell Harrell was charging a fee for harvesting the cotton. Russell Harrell testified that each of the men had their own farms, "but we work together on harvesting all our farms." The labor cost for harvesting the field was paid through the Harrell Farms account. Melvin Harrell was to receive the profits

CAP CARE GRP., INC. v. McDONALD

[149 N.C. App. 817 (2002)]

realized from the field after payment of the expenses. Thus, there is no evidence from which a jury could find the Custom Farming endorsement extends the coverage of NCGMIC's policy to Donald Ray Vick in this case.

There is no genuine issue of material fact that the cotton picker operated by Vick was not a vehicle to which the NCGMIC policy applied. Therefore, Vick cannot be an "insured" under the NCGMIC policy issued to Russell Harrell, regardless of whether he was Russell Harrell's employee, and NCGMIC is entitled to judgment as a matter of law. Summary judgment in favor of plaintiffs is reversed and this case is remanded to the trial court for entry of summary judgment in favor of defendant NCGMIC.

Reversed and remanded.

Judges McCULLOUGH and BIGGS concur.