LARRY BARNES D/B/A ANYTHING ON WHEELS, PLAINTIFF V. ERIE INSURANCE
EXCHANGE, DEFENDANT/THIRD-PARTY PLAINTIFF V. ROBERT HURLEY, THIRD-PARTY
DEFENDANT

No. COA02-197

(Filed 4 March 2003)

### 1. Bailment— truck—fire loss—work completed at time of fire

In an action that arose from the destruction of vehicles in a fire at Hurley's (the third-party defendant's) residence, deposition testimony raised a genuine issue of fact as to whether a bailment existed in plaintiff's Freightliner truck at the time of the fire, and the trial court erred by granting summary judgment for Hurley on the insurance company's subrogated claim for the truck.

### 2. Insurance— fire loss of car—exclusion for racing preparation

The trial court did not err by granting summary judgment for an insurance company on a claim for a fire loss of a car body and unassembled parts where the policy excluded autos being prepared for organized racing and plaintiff testified that he planned to race the car if he could. The contention that the loss was covered because the car was not being worked on in preparation for a race at the time of the fire is not a reasonable interpretation of the policy.

### 3. Pleadings— third-party complaint—after original answer— amendment of original complaint required

The trial court did not err by granting summary judgment for a third party defendant (Hurley) in an action arising from the destruction of plaintiff's property at Hurley's house where Hurley was not named as the defendant in the original complaint, the named defendant filed an answer and a third-party complaint against Hurley, and plaintiff filed a third-party complaint against Hurley without prior consent of the parties or leave of the court. A plaintiff filing a complaint against a third-party defendant arising from the same subject matter must follow N.C.G.S. § 1A-1, Rule 15(a) and, when the original complaint has been answered, must amend that complaint by leave of the court or consent of the adverse party.

BARNES v. ERIE INS. EXCH.

[156 N.C. App. 270 (2003)]

4. **Statutes of Limitation and Repose; Pleadings— claims against third party—motion to amend—untimely—denied—no abuse of discretion**

The trial court properly determined that plaintiff's claims against a third-party defendant were barred by the statute of limitations where plaintiff made an oral motion to amend the complaint at a summary judgment hearing after the statute had run. The court did not abuse its discretion in denying the motion because the matter did not concern the correction of a misnomer and plaintiff had been put on notice that the pleading was improper in time to make a written motion to amend the complaint before the statute ran.

5. **Pleadings— improper third-party complaint—outside the statute of limitations—struck**

The trial court properly struck a third-party complaint pursuant to N.C.G.S. § 1A-1, Rule 12(f) where the complaint was improper and outside the statute of limitations.

Appeal by plaintiff and defendant/third-party plaintiff from summary judgment entered 12 October 2001 and appeal by plaintiff from an order entered 25 October 2001, by Judge Michael E. Beale in Rowan County Superior Court. Heard in the Court of Appeals 13 November 2002.

*Law Office of Michael S. Adkins, by Michael S. Adkins, for plaintiff-appellant.*

*Dean & Gibson, L.L.P., by Thomas G. Nance and Michael G. Gibson, for defendant/third-party plaintiff-appellant.*

*Davis & Hamrick, L.L.P., by H. Lee Davis, Jr. and Ann C. Rowe, for third-party defendant-appellee.*

HUNTER, Judge.

Defendant/third-party plaintiff Erie Insurance Exchange ("Erie") appeals from the trial court's summary judgment in favor of third-party defendant Robert Hurley ("Hurley") as to Erie's subrogation claim against Hurley, for the loss of Larry Barnes' ("plaintiff") 1989 Freightliner truck chassis ("Freightliner") caused by Hurley's alleged negligence. In addition, plaintiff appeals from the trial court's summary judgment in favor of Erie and the trial court's summary judgment in favor of Hurley as to all of plaintiff's claims against Erie and

Hurley. We affirm in part and reverse and remand in part for further proceedings for the reasons set forth herein.

This action arises from a fire that occurred on 8 February 1998 at Hurley's residence. Plaintiff had property on Hurley's premises that was destroyed at the time of the fire, including a Pro-Stock Pontiac Firebird race car body, a racing engine and other assorted unassembled parts, tools, and a Freightliner. The fire began when Hurley, who was draining gasoline from his boat into a container, overflowed the container causing gasoline to run across the floor and come into contact with a kerosene heater that had recently been shut off but was hot enough to ignite the gasoline on the floor.

Plaintiff made a claim to its insurer, Erie, for insurance coverage. Erie paid the claim for the Freightliner in the amount of $55,876.73, but denied coverage for the Pontiac Firebird body and the parts and tools that were located in Hurley's garage at the time of the fire. Following Erie's refusal to pay this claim, plaintiff filed a complaint against Erie on 22 October 1999 alleging breach of contract and unfair and deceptive trade practices. Subsequently, on 13 January 2000, Erie filed an answer to plaintiff's complaint; on 16 February 2000, Erie filed a third-party complaint against Hurley, asserting a subrogation claim alleging that Hurley, as bailee, had been negligent. Thereafter, on 2 May 2000 Hurley filed an answer to the third-party complaint.

On 1 November 2000, plaintiff filed a document entitled "Plaintiff's Third-Party Complaint Against Third-Party Defendant Robert Hurley," to which Hurley responded in an answer filed 4 January 2001. Hurley's answer included a Motion to Strike plaintiff's third-party complaint against Hurley pursuant to Rules 12, 14, and 15 of the North Carolina Rules of Civil Procedure.

Erie and Hurley each moved for summary judgment. The trial court granted both motions by orders filed 12 October 2001 and 25 October 2001. In the 12 October 2001 summary judgment order, the court granted Hurley's motion for summary judgment as to all of plaintiff's and defendant's claims. The trial court ruled as follows in the 12 October 2001 order: (1) Plaintiff's direct claims against Hurley were barred by the statute of limitations and no proper and timely motion to amend was before the court. Therefore, plaintiff's "Third-Party Complaint Against Third-Party Defendant Robert Hurley" was stricken and summary judgment was entered in favor of Hurley as to all claims asserted by plaintiff against Hurley; (2) summary judgment

was entered in favor of Hurley as to the claims brought by defendant against Hurley for any loss associated with the Pontiac Firebird race car as a result of the court's separate order of summary judgment in defendant's favor as to plaintiff's claims against defendant; (3) summary judgment was entered in favor of Hurley regarding defendant's claims concerning the loss of the Freightliner. The court determined as a matter of law, that as of the date of the loss, there was no bailment of the Freightliner from plaintiff to Hurley. In its 25 October 2001 order, the trial court granted Erie's motion for summary judgment as to all of plaintiff's claims asserted against it. The trial court did not include any specific findings of fact in this order. Plaintiff and Erie appeal.

At the outset, in reviewing a motion for summary judgment, the trial court must determine whether "(1) the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact; and (2) the moving party is entitled to judgment as a matter of law." *Gaunt v. Pittaway*, 139 N.C. App. 778, 784, 534 S.E.2d 660, 664, *appeal dismissed* and *disc. review denied*, 353 N.C. 262, 546 S.E.2d 401 (2000), *cert. denied*, 353 N.C. 371, 547 S.E.2d 810, *cert. denied*, 534 U.S. 950, 151 L. Ed. 2d 261 (2001); see also N.C. Gen. Stat. § 1A-1, Rule 56(c) (2001). The evidence must be viewed in the light most favorable to the non-moving party. *Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 504 S.E.2d 574 (1998). A motion for summary judgment should be denied "[i]f different material conclusions can be drawn from the evidence . . . ." *Credit Union v. Smith*, 45 N.C. App. 432, 437, 263 S.E.2d 319, 322 (1980).

I.

[1] Defendant/third-party plaintiff Erie contends the trial court erred in concluding as a matter of law, that as of the date of the loss, 8 February 1998, there was no bailment for the Freightliner from plaintiff to third-party defendant Hurley. Erie argues there was an issue of material fact as to whether a bailment existed and accordingly, the entry of summary judgment was improper. We agree.

"A bailment is created when a third person accepts the sole custody of some property given from another." *Bramlett v. Overnite Transport*, 102 N.C. App. 77, 82, 401 S.E.2d 410, 413 (1991). "The bailor has the burden of establishing the existence of a bailor-bailee relationship." *Fabrics, Inc. v. Delivery Service*, 39 N.C. App. 443, 447, 250 S.E.2d 723, 725 (1979). When a bailment is created for the benefit

of both the bailor and bailee, the bailee is required to exercise ordinary care to protect the subject of the bailment from negligent loss, damage, or destruction. *Strang v. Hollowell*, 97 N.C. App. 316, 387 S.E.2d 664 (1990); *Ward v. Newell*, 68 N.C. App. 646, 315 S.E.2d 721 (1984).

> A *prima facie* case of actionable negligence . . . is made when the bailor offers evidence tending to show or it is admitted that the property was delivered to the bailee; that the bailee accepted it and thereafter had possession and control of it; and that the bailee failed to return the property or returned it in a damaged condition.

*McKissick v. Jewelers, Inc.*, 41 N.C. App. 152, 155, 254 S.E.2d 211, 213 (1979).

In the case *sub judice*, the evidence shows that plaintiff delivered the Freightliner to Hurley so that the truck could be converted into a motor home. Plaintiff paid Hurley for making improvements to the truck. Therefore, the alleged bailment was for the mutual benefit of both the alleged bailor (plaintiff) and alleged bailee (Hurley), obligating Hurley to exercise ordinary care to protect the Freightliner from negligent loss and destruction. *See Strang*, 97 N.C. App. 316, 387 S.E.2d 664; *Ward*, 68 N.C. App. 646, 315 S.E.2d 721.

Hurley asserts, however, that at the time of the fire, he did not have the necessary exclusive possession, custody and control of the Freightliner required for a bailment to exist. *See Fabrics, Inc.*, 39 N.C. App. at 447, 250 S.E.2d at 726. According to Hurley, plaintiff's testimony from his deposition demonstrated that the improvements on the Freightliner had been completed in July 1997, well before the Freightliner was lost in the fire on 8 February 1998. Hurley therefore argues that the bailment ended in July 1997 and thus, he was not in exclusive control of the Freightliner. Hurley additionally points out that plaintiff testified that he was on Hurley's property ten or fifteen times after the improvements on the Freightliner were allegedly completed in July 1997 but before the occurrence of the loss in February 1998 and thus, had an obligation to retrieve the Freightliner from Hurley's property.

After reviewing plaintiff's deposition, we acknowledge that at one point plaintiff testified that he finished some improvements on the Freightliner in July 1997 and was paid for those improvements. However, later in the deposition, when plaintiff was asked why the

Freightliner remained on Hurley's premises, plaintiff responded: "The inside hadn't been finished out on it, and we was [sic] waiting to finish the inside and started work on the trailer in the other shop." Therefore, we conclude there is a genuine issue of material fact as to whether a bailment existed at the time the Freightliner was destroyed by fire. Accordingly, the trial court erred in determining as a matter of law that as of the date of the loss, there was no bailment of the Freightliner. Defendant Erie provided ample evidence to make out a *prima facie* case of actionable negligence based on bailment. Thus, summary judgment was entered in error on Erie's negligence claim against Hurley. We therefore reverse the court's summary judgment as to Erie's subrogation claim against Hurley for the loss of the Freightliner and remand for further proceedings on this claim.

## II.

[2] Plaintiff contends the trial court erred in granting defendant Erie's motion for summary judgment against plaintiff since there was a genuine issue of material fact as to whether the insurance policy covered plaintiff's loss of the Pontiac Firebird body and unassembled parts. We disagree.

"The interpretation of language used in an insurance policy is a question of law, governed by well-established rules of construction." *N.C. Farm Bureau Mut. Ins. Co. v. Mizell*, 138 N.C. App. 530, 532, 530 S.E.2d 93, 95, *disc. review denied*, 352 N.C. 590, 544 S.E.2d 783 (2000). If an insurance "policy is not ambiguous, then the court must enforce the policy as written and may not remake the policy under the guise of interpreting an ambiguous provision." *Nationwide Mutual Ins. Co. v. Mabe*, 342 N.C. 482, 492, 467 S.E.2d 34, 40 (1996). Moreover,

"a contract of insurance should be given that construction which a reasonable person in the position of the insured would have understood it to mean and, if the language used in the policy is reasonably susceptible of different constructions, it must be given the construction most favorable to the insured, since the company prepared the policy and chose the language."

*Trujillo v. N.C. Grange Mut. Ins. Co.*, 149 N.C. App. 811, 813, 561 S.E.2d 590, 592 (quoting *Grant v. Emmco Ins. Co.*, 295 N.C. 39, 43, 243 S.E.2d 894, 897 (1978)), *disc. review denied*, 356 N.C. 176, 569 S.E.2d 280 (2002).

**BARNES v. ERIE INS. EXCH.**

[156 N.C. App. 270 (2003)]

The pertinent issue before us is whether, as a matter of law, plaintiff's loss of the Pontiac Firebird body and unassembled parts was barred from coverage under Erie's insurance policy. Erie refused to pay for plaintiff's loss of his Pontiac Firebird because, according to Erie, it was not an "auto" as that term is defined in the policy; or in the alternative, plaintiff's Pontiac Firebird was being prepared for organized racing activities which is excluded under the express terms of the policy.

Assuming *arguendo* that plaintiff's Pontiac Firebird was an "auto" as defined in the insurance policy, we conclude that plaintiff's loss was excluded from coverage under the policy since the Pontiac Firebird was being worked on in preparation for racing. The insurance policy issued by Erie to plaintiff contains the following exclusionary language in pertinent part:

**LIMITATIONS ON OUR DUTY TO PAY**

**What We Do Not Cover—Exclusions**

We will not pay for loss:

. . . .

9. to any **owned auto** while:

. . . .

    b. being used in an organized racing or demolition contest or in any stunting activity or preparation for any of these.

Plaintiff argues that the Pontiac Firebird body and unassembled parts were not being worked on in preparation for a race at the time of the fire and therefore, plaintiff's loss was covered under the insurance policy. In addition, plaintiff points out that he testified during a deposition that he and Hurley had no timetable or schedule for racing the car, and in fact, were not sure if they ever would be able to race the car. Plaintiff claims that the car was being "stored" in Hurley's garage and therefore was not being prepared for racing.

We note that plaintiff's deposition testimony indicates that plaintiff's Pontiac Firebird and unassembled parts were on Hurley's premises so that plaintiff and Hurley could assemble and prepare the car for racing activities. The Pontiac Firebird body had no motor vehicle title, no functional lights, and was not intended to be used on public streets. Plaintiff testified that he planned to race the Pontiac

Firebird if he could, otherwise, he would sell it and make a profit. Plaintiff never indicated that he and Hurley were preparing the car for public street use.

Further, we are unpersuaded by plaintiff's contention that because the Pontiac Firebird body and parts were not being worked on in preparation for a race at the precise time of the fire, plaintiff's loss was covered by the insurance policy. We do not find this to be a reasonable interpretation of the exclusionary provision. For the aforementioned reasons, we conclude as a matter of law that plaintiff's loss of the Pontiac Firebird body and parts were excluded from coverage under the insurance policy. Accordingly, the trial court properly entered summary judgment in favor of Erie.

## III.

[3] Plaintiff next argues the trial court erred in entering summary judgment in favor of third-party defendant Hurley, ruling that plaintiff's claims were barred by the statute of limitations and denying plaintiff's oral motion to amend his complaint to include Hurley as a defendant. Hurley was not named as a defendant in plaintiff's original complaint, filed 22 October 1999. Erie filed an answer to plaintiff's original complaint on 13 January 2000 and Erie filed a third-party complaint against Hurley on 16 February 2000. Subsequently, plaintiff filed a document entitled "Plaintiff's Third-Party Complaint Against Third-Party Defendant Robert Hurley" on 1 November 2001. Hurley filed an answer to this complaint on or about 4 January 2001. The trial court found that the pleading entitled "Plaintiff's Third-Party Complaint Against Third-Party Defendant Robert Hurley," "was filed without prior consent of the parties and without leave of Court and without any pending Motion before the Court for leave to amend the Complaint or leave to amend to add an additional party Defendant or leave to amend to add the Third Party Defendant as an original Defendant." The trial court relied on *Crossman v. Moore*, 341 N.C. 185, 459 S.E.2d 715 (1995), *Wicker v. Holland*, 128 N.C. App. 524, 495 S.E.2d 398 (1998), and the North Carolina Rules of Civil Procedure in determining that plaintiff's claims against Hurley were barred by the statute of limitations.

Plaintiff asserts that his pleading entitled "Plaintiff's Third-Party Complaint Against Third-Party Defendant Robert Hurley" was proper pursuant to Rule 14 of the North Carolina Rules of Civil Procedure. Plaintiff specifically relies on the following language of Rule 14(a) to support his contention: "The plaintiff may assert any claim against

**BARNES v. ERIE INS. EXCH.**

[156 N.C. App. 270 (2003)]

the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff . . . ." N.C.R. Civ. P. 14(a). Plaintiff contends that Rule 14 provides that a plaintiff may assert a complaint against a third-party defendant without adhering to the requirements of Rule 15 of the North Carolina Rules of Civil Procedure which applies to amendments of pleadings. However, a plaintiff's assertion of a complaint against a third-party defendant after already having filed an original complaint is, in effect, an amendment to the original complaint. Therefore, the requirements of Rule 15 would apply. Since Erie had already filed an answer to plaintiff's original complaint by the time plaintiff filed his complaint against Hurley, pursuant to Rule 15(a), plaintiff *was only allowed to amend his complaint by leave of court or by written consent of the adverse party.* N.C.R. Civ. P. 15(a). We note that plaintiff did not have leave of court nor written consent of the adverse party prior to filing his complaint against Hurley. In addition, plaintiff has not cited, nor have we found, any cases in which our Courts have authorized the pleading method that plaintiff attempted to utilize. Therefore, we conclude plaintiff's pleading was improper under Rule 15.

We must interpret Rule 14(a) and Rule 15(a) in such a way that both provisions are given effect based on the following rules of construction. " 'Statutes *in pari materia,* although in apparent conflict or containing apparent inconsistencies, should, as far as reasonably possible, be construed in harmony with each other so as to give force and effect to each . . . .' " *Swain v. Elfland,* 145 N.C. App. 383, 390, 550 S.E.2d 530, 535 (quoting *State v. Hutson,* 10 N.C. App. 653, 657, 179 S.E.2d 858, 861 (1971)), *cert. denied,* 354 N.C. 228, 554 S.E.2d 832 (2001). Further, "[i]nterpretations that would create a conflict between two or more statutes are to be avoided, and statutes should be reconciled with each other whenever possible." *Velez v. Dick Keffer Pontiac-GMC Truck, Inc.,* 144 N.C. App. 589, 593, 551 S.E.2d 873, 876 (2001). If we interpret Rule 14(a) in the way that plaintiff argues, giving a plaintiff the ability to assert a claim against a third party defendant without requiring leave of court to amend or written consent of the adverse party after a responsive pleading has been filed to the original complaint, such interpretation would bypass Rule 15(a) requirements for amending a complaint. We conclude the provisions at issue from Rule 14(a) and Rule 15(a) must be interpreted in such a way as to give effect to both. Therefore, we hold a plaintiff filing a claim against a third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim

**BARNES v. ERIE INS. EXCH.**

[156 N.C. App. 270 (2003)]

against the defendant/third-party plaintiff must follow the requirements pursuant to Rule 15(a) in order to amend the plaintiff's original complaint. Hence, when the defendant or third-party plaintiff has filed an answer to the plaintiff's original complaint, in order for the plaintiff to assert a claim against the third-party defendant, he must amend his complaint by leave of court or by written consent of the adverse party.

[4] During the summary judgment hearing on 1 October 2001, which was after the three year statute of limitations had run on 8 February 2001, plaintiff made an oral motion to amend the complaint, to name Hurley as an original defendant and to assert claims against Hurley. This motion was denied by the trial court. "A motion to amend the pleadings is addressed to the sound discretion of the trial court." *Mabrey v. Smith*, 144 N.C. App. 119, 121, 548 S.E.2d 183, 185-86, *disc. review denied*, 354 N.C. 219, 554 S.E.2d 340 (2001). We conclude the trial court properly determined that plaintiff's claims against third-party defendant Hurley were barred by the statute of limitations and did not abuse its discretion in denying plaintiff's oral motion to amend his complaint to add Hurley as a defendant. N.C. Gen. Stat. § 1A-1, Rule 15(c) governs the relation back of amendments to pleadings. Our Supreme Court has provided the following interpretation of Rule 15(c):

> Nowhere in the rule is there a mention of parties. It speaks of claims and allows the relation back of claims if the original claim gives notice of the transactions or occurrences to be proved pursuant to the amended pleading. When the amendment seeks to add a party-defendant or substitute a party-defendant to the suit, the required notice cannot occur. . . . We hold that this rule does not apply to the naming of a new party-defendant to the action. It is not authority for the relation back of a claim against a new party.

*Crossman*, 341 N.C. at 187, 459 S.E.2d at 717. Applying this interpretation, the *Crossman* Court held that an amendment to the complaint naming Van Dolan Moore, II as the defendant (where the original complaint named as the defendant Van Dolan Moore) could not relate back to the filing of the original complaint pursuant to Rule 15(c).

*Wicker*, 128 N.C. App. 524, 495 S.E.2d 398, is perhaps even more instructive on the particular facts of the instant case. In *Wicker*, the plaintiff made a motion to amend in order to name the third-party defendant as a defendant to her original complaint. The plaintiff in

*Wicker* attempted to distinguish her case from *Crossman*, as does plaintiff in this case, by noting that the third-party defendant would not suffer any prejudice by being designated as a party-defendant because it was on notice of the claim. However, this Court concluded that the lack of prejudice argument based on the third-party defendant's notice of the claim was irrelevant under the *Crossman* Court's analysis of the limited reach of Rule 15(c). *Wicker*, 128 N.C. App. at 527, 495 S.E.2d at 400. This Court therefore found no error in the trial court's denial of the plaintiff's motion to amend.

Plaintiff attempts to compare this case with *Liss v. Seamark Foods*, 147 N.C. App. 281, 555 S.E.2d 365 (2001), in which this Court allowed a motion to amend to relate back to the date of the original complaint, even though the statute of limitations had run, in order to correct a misnomer of the defendant. We do not find the *Liss* case controlling since the case *sub judice* does not concern the correction of a misnomer but instead involves the addition of a third-party defendant not named in the original complaint.

In following *Crossman* and *Wicker*, we conclude the trial court did not err in denying plaintiff's oral motion to amend his complaint and concluding that plaintiff's direct claims against Hurley were barred by the statute of limitations. Therefore, summary judgment was properly entered in Hurley's favor as to all of plaintiff's claims.[1]

[5] Plaintiff argues that the trial court erred in striking his third-party complaint against Hurley pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(f) because plaintiff asserts that Rule 12(f) would not apply since it is designed to allow a court to strike any "insufficient defense or any redundant, irrelevant, immaterial, impertinent, or scandalous matter." N.C. Gen. Stat. § 1A-1, Rule 12(f) (2001). We conclude that since plaintiff's third-party complaint against Hurley was improper under the North Carolina Rules of Civil Procedure and the statute of limitations had run at the time of the hearing on Hurley's motion for summary judgment, plaintiff's pleading was immaterial and had no

---

1. We note that Hurley's answer to plaintiff's pleading entitled "Plaintiff's Third-Party Complaint Against Third-Party Defendant Robert Hurley" provided plaintiff notice that his pleading was improper by including a motion to strike plaintiff's third-party complaint pursuant to Rules 12, 14, and 15 of the North Carolina Rules of Civil Procedure. Hurley's responsive pleading was filed on 4 January 2001, which was over a month before the running of the statute of limitations on 8 February 2001. Therefore, plaintiff had an opportunity to make a written motion to amend his original complaint before the running of the statute of limitations, but failed to do so.

possible bearing upon the litigation. Therefore, the court was proper in striking plaintiff's third-party complaint against Hurley pursuant to Rule 12(f).

In sum, we reverse the trial court's summary judgment entered in favor of Hurley as to Erie's subrogation claim against Hurley for the loss of plaintiff's Freightliner and remand for further proceedings on this claim. We affirm the trial court's summary judgment in favor of Erie as to all of plaintiff's claims against Erie since we conclude as a matter of law that plaintiff's loss of the Pontiac Firebird body and parts were excluded from coverage under the insurance policy. Finally, we also affirm the trial court's summary judgment entered in Hurley's favor as to all of plaintiff's claims.

Reversed and remanded in part; affirmed in part.

Judges WYNN and TIMMONS-GOODSON concur.