**TINSLEY v. CITY OF CHARLOTTE**

[228 N.C. App. 744 (2013)]

MICHAEL K. TINSLEY, Employee, Plaintiff
v.
CITY OF CHARLOTTE, Employer, Self-Insured, Defendant

No. COA12-1543

Filed 6 August 2013

1. **Workers' Compensation—attorney fees award—third-party action—limited to one third of the recovery**

     The North Carolina Industrial Commission did not exceed its authority in a workers' compensation case by limiting plaintiff's attorney's recovery of attorneys' fees to one-third of the settlement in the third-party case. N.C.G.S. § 97-10.2(f)(1)(b) provides that the attorney fee taken from the employee's share may not exceed one-third of the amount recovered, but it is not otherwise subject to the reasonableness requirement of N.C.G.S. § 97-90(c).

2. **Workers' Compensation—attorney fees—rationally related to interest in compensating injured worker—constitutional**

     N.C.G.S. § 97-10.2(f)(1)(b), which limits the attorney fee taken from the employee's share of a third-party settlement when there is a concurrent worker's compensation action to one-third of the amount recovered, was not unconstitutional as applied in this case. The cap on attorneys' fees is rationally related to the legitimate government interest where there is an interest in compensating the injured worker.

Appeal by Attorney Curtis Osborne from the Opinion and Award of the Industrial Commission filed 22 October 2012. Heard in the Court of Appeals 10 April 2013.

*The Sumwalt Law Firm, by Vernon Sumwalt, for Curtis Osborne, Esq., d/b/a Osborne Law Firm appellant.*

*Attorney General Roy Cooper, by Assistant Attorney General Marc X. Sneed, for defendant appellee.*

McCULLOUGH, Judge.

Attorney Curtis Osborne ("appellant") appeals from the Opinion and Award filed by the North Carolina Industrial Commission (the "Commission") on 22 October 2012 that limited his recovery of attorneys'

fees to one-third of the settlement in the third-party case. For the following reasons, we affirm.

## I. Background

This appeal arises out of appellant's representation of Michael K. Tinsley ("plaintiff") in worker's compensation and third-party cases. The cases stem from a 1 December 2007 work-related automobile accident in which plaintiff was injured.

In the workers' compensation case, the City of Charlotte ("Charlotte"), plaintiff's employer, filed an admission of plaintiff's right to compensation with the Commission on 14 May 2008. Thereafter, on 6 March 2009, the Commission approved an award of permanent partial disability compensation to plaintiff totaling $16,839.12. The award provided for 24 weeks of compensation to plaintiff at a rate of $701.63 per week based on a 10% permanent partial disability rating to plaintiff's left shoulder.

The third-party case subsequently commenced with the filing of a complaint in Mecklenburg County Superior Court on 17 June 2009. In the complaint, plaintiff asserted that the individual driving the second vehicle was negligent and that the individual's employers were liable for the negligence under theories of respondeat superior and agency. Following the voluntary dismissal of one of the defendants on 8 February 2010, plaintiff filed a motion on 8 April 2010 to stay litigation in the third-party case and compel arbitration. The motion was granted on 19 April 2010. The ensuing arbitration in the third-party case resulted in the entry of an award of $137,500.00 in compensatory damages to plaintiff on 7 July 2010. Plaintiff, however, was only able to recover $100,000, the combined policy limit of the liability and underinsured motorist insurance carriers.

On 25 August 2010, plaintiff and Charlotte entered into an agreement "for final compromise settlement release and distribution of the third party settlement[.]" In the agreement, Charlotte agreed to accept "a net of $15,000.00 from the proceeds of the settlement" in the third-party case in full satisfaction of its $47,295.79 workers' compensation lien, waiving any further rights it had under N.C. Gen. Stat. § 97-10.2. Conversely, plaintiff "agree[d] to accept the aforesaid reduction in lien in full satisfaction of any and all claims, demands, suits, actions, or rights of action" against Charlotte arising as a result of the 1 December 2007 accident.

Tracy H. Weaver, Executive Secretary of the Commission, filed an order on 27 August 2010 approving the agreement and ordering distribution of the proceeds from the third-party case. The order provided the

following distribution: $15,000.00 to Charlotte in accordance with the agreement, $33,333.33 to appellant for attorneys' fees, and the remaining $51,666.67 to plaintiff. The Commission failed to designate funds for the reimbursement of costs.

On 2 September 2010, appellant submitted a motion for reconsideration of determination of attorneys' fees and costs to the Commission. Appellant sought an increase in fees to $38,000.00 and $8,950.29 to reimburse costs. Along with the motion, appellant submitted an affidavit and a copy of the fee agreement, whereby plaintiff and appellant agreed to a contingency fee of thirty-three and one-third percent (33-1/3%) of the gross recovery if litigation was not required and forty percent (40%) of the gross recovery if litigation was required.[1]

Secretary Weaver filed an order on 9 September 2010, modifying the previous distribution. The new order awarded $8,950.29 to appellant for the reimbursement of costs and reduced plaintiff's recovery by an equal amount. The new order did not, however, allocate additional funds to appellant for fees. As a result, appellant appealed the 9 September 2010 order to the deputy commissioner to determine whether N.C. Gen. Stat. § 97-10.2 was properly applied in distributing the proceeds from the third-party case -- specifically, whether the Commission had jurisdiction to apply N.C. Gen. Stat. § 97-10.2(f)(1)(b) as a cap on fees.

On 29 March 2011, Deputy Commissioner J. Brad Donovan filed an Opinion and Award, affirming Secretary Weaver's order. Appellant appealed the 29 March 2011 Opinion and Award to the Full Commission.

On 18 April 2011, appellant filed a motion to stay the appeal to the Full Commission pending a constitutional challenge to N.C. Gen. Stat. § 97-10.2(f)(1)(b) to be filed in superior court. Appellant then filed a declaratory judgment action in Mecklenburg County Superior Court on 16 June 2011. In the declaratory judgment action, appellant sought declarations that the cap on attorneys' fees at one-third of the amount recovered from a third-party in N.C. Gen. Stat. § 97-10.2(f)(1)(b) is unconstitutional and the Commission exceeded its jurisdiction by capping and approving the fees in the third-party case.

Subsequent to the filing of the declaratory judgment action, on 24 June 2011, appellant filed a second motion to stay the appeal of the 29 March 2011 Opinion and Award to the Full Commission. Moreover,

---

1. In appellant's motion for reconsideration, appellant notes that he subsequently agreed to reduce his fee to thirty-eight percent (38%) of the gross recovery if litigation was required.

on 7 July 2011, appellant filed a motion with the Commission to certify questions of law to this Court pursuant to N.C. Gen. Stat. § 97-86. The questions of law requested certified were the same issues raised by appellant in the declaratory judgment action.

On 21 July 2011, an Order for the Full Commission was filed certifying the question of the constitutionality of N.C. Gen. Stat. § 97-10.2(f)(1)(b) to this Court for review. The order also removed the appeal of the 29 March 2011 Opinion and Award from the Full Commission hearing docket. Appellant filed notice of appeal to this Court on 29 July 2011.

As a result of the appeal to this Court, the parties stipulated to a dismissal without prejudice of the declaratory judgment action filed in Mecklenburg County Superior Court.

During the time the appeal was pending in this Court, plaintiff and appellant entered into an agreement to split the difference between the thirty-eight percent (38%) fee claimed by appellant and the thirty-three and one-third percent (33-1/3%) fee awarded by the Commission, the difference amounting to $4,666.67. Accordingly, appellant further reduced his fee to thirty-five and seven-tenths percent (35-7/10%) of the gross recovery. Upon disbursement of the $4,666.67 held in trust, of which plaintiff received a check for $2,300.00, plaintiff signed an agreement dated 2 February 2012, relinquishing any and all claims concerning the remaining funds.

Despite complete disbursement of the proceeds from the third-party case, the appeal to this Court came on for oral argument on 9 February 2012. Following oral arguments, however, the parties submitted a joint motion to dismiss the appeal and remand to the Commission for additional proceedings concerning non-constitutional issues that arose during the appeal. This Court granted the joint motion for dismissal and remanded the case to the Commission by order filed 7 March 2012.

The Full Commission reviewed the case on 1 August 2012. On 22 October 2012, the Opinion and Award for the Full Commission was filed affirming the 29 March 2011 Opinion and Award of Deputy Commissioner Donovan affirming the 9 September 2010 Order of Secretary Weaver. Appellant appealed the Full Commission's Opinion and Award to this Court on 5 November 2012.

## II. Analysis

On appeal, appellant raises issues concerning the subject matter jurisdiction of the Commission and the constitutionality of N.C. Gen. Stat. § 97-10.2(f)(1)(b). Issues concerning the Commission's jurisdiction

and the constitutionality of a statute are questions of law subject to *de novo* review.

### Subject Matter Jurisdiction

**[1]** The first issue on appeal is whether the Commission exceeded its subject matter jurisdiction by capping attorneys' fees from the third-party case at one-third of the gross recovery. We hold the Commission did not exceed its jurisdiction.

"The jurisdiction of the Industrial Commission is limited by statute." *Parker v. Thompson-Arthur Paving Co.*, 100 N.C. App. 367, 369, 396 S.E.2d 626, 628 (1990). In this case, two sections of the Workers' Compensation Act, N.C. Gen. Stat. §§ 97-10.2(f)(1) and -90(c), are in apparent conflict.

In general, N.C. Gen. Stat. § 97-10.2 governs the rights of an injured employee and the employee's employer to enforce the liability of a third party by appropriate proceedings. N.C. Gen. Stat. § 97-10.2 (2011). When a recovery is "obtained by settlement with, judgment against, or otherwise from the third party[,]" and "the employer has filed a written admission of liability for [workers' compensation] benefits . . . , or . . . an award final in nature in favor of the employee has been entered by the . . . Commission," N.C. Gen. Stat. § 97-10.2(f)(1) provides that the amount recovered from the third party shall be disbursed:

   a.   First to the payment of actual court costs taxed by judgment and/or reasonable expenses incurred by the employee in the litigation of the third-party claim.

   b.   *Second to the payment of the fee of the attorney representing the person making settlement or obtaining judgment, and except for the fee on the subrogation interest of the employer such fee shall not be subject to the provisions of G.S. 97-90 but shall not exceed one third of the amount obtained or recovered of the third party.*

   c.   Third to the reimbursement of the employer for all benefits by way of compensation or medical compensation expense paid or to be paid by the employer under award of the Industrial Commission.

   d.   Fourth to the payment of any amount remaining to the employee or his personal representative.

N.C. Gen. Stat. § 97-10.2(f)(1) (emphasis added).

On the other hand, N.C. Gen. Stat. § 97-90 governs the Commission's approval of fees. Subsection (c) of the statute specifically provides that the Commission shall determine the reasonableness of agreements for attorneys' fees under the Workers' Compensation Act and determine a reasonable fee if such an agreement is found to be unreasonable. N.C. Gen. Stat. § 97-90(c) (2011). Yet, "the Commission shall in no event have any jurisdiction over any attorneys' fees in any third-party action." *Id.*

On appeal, appellant contends that N.C Gen. Stat. § 97-90(c) controls when it comes to the Commission's jurisdiction over attorneys' fees, whereas N.C. Gen. Stat. § 97-10.2(f)(1) simply directs the order of distribution. Appellant argues that "[a]lthough N.C. Gen. Stat. § 97-90(c) enables the Commission to approve fees, it does so only for fees in workers' compensation claims, not third-party actions." Therefore, based on the plain meaning of N.C. Gen. Stat. § 97-90(c), appellant contends the Commission lacks jurisdiction to apply N.C. Gen. Stat. § 97-10.2(f)(1)(b) as a cap on attorneys' fees in third-party cases. We disagree.

N.C. Gen. Stat. §§ 97-10.2(f)(1) and -90(c) are not so easily isolated. Appellant's argument ignores the second portion of N.C. Gen. Stat. § 97-10.2(f)(1)(b), which provides "except for the fee on the subrogation interest of the employer such fee shall not be subject to the provisions of G.S. 97-90 but shall not exceed one third of the amount obtained or recovered of the third party." Based on the reference to N.C. Gen. Stat. § 97-90 in N.C. Gen. Stat. § 97-10.2(f)(1)(b), it is evident that the General Assembly was aware of the jurisdictional limits of the Commission when it provided that "such fee . . . shall not exceed one third of the amount obtained or recovered of the third party." N.C. Gen. Stat. § 97-10.2(f)(1)(b).

> Statutes *in pari materia*, although in apparent conflict or containing apparent inconsistencies, should, as far as reasonably possible, be construed in harmony with each other so as to give force and effect to each . . . . Further, interpretations that would create a conflict between two or more statutes are to be avoided, and statutes should be reconciled with each other whenever possible.

*Barnes v. Erie Ins. Exch.*, 156 N.C. App. 270, 278, 576 S.E.2d 681, 686 (2003) (internal quotation marks and citations omitted).

Considering N.C. Gen. Stat. §§ 97-10.2(f)(1)(b) and -90(c) *in pari materia*, we arrive at the same conclusion as this Court did in *Hardy v. Brantley*, 87 N.C. App. 562, 361 S.E.2d 748 (1987), *rev'd in part on other grounds, appeal dismissed in part*, 322 N.C. 106, 366 S.E.2d 485 (1988) (for the reasons stated in the dissent).

TINSLEY v. CITY OF CHARLOTTE

[228 N.C. App. 744 (2013)]

As noted above, N.C. Gen. Stat. § 97-90(c) provides that the Commission has jurisdiction to determine the reasonableness of an agreement for attorneys' fees and, where there is no agreement, to determine a reasonable fee. Where the entirety of subsection (c) refers to reasonableness, we interpret the provision, "the Commission shall in no event have any jurisdiction over any attorneys' fees in any third-party action[,]" to refer to a determination of reasonableness. Consequently, the cap on attorneys' fees at one-third of the recovery from a third-party in N.C. Gen. Stat § 97-10.2(f)(1)(b) does not conflict with N.C. Gen. Stat. § 97-90(c). Under N.C. Gen. Stat. § 97-10.2(f)(1)(b), the Commission need not undertake a determination of the reasonableness.

Accordingly, we construe N.C. Gen. Stat. § 97-10.2(f)(1)(b) to provide

> the attorney fee taken from the employee's share may not exceed one third of the amount recovered, but it is not otherwise subject to the reasonableness requirement of N.C. Gen. Stat. § 97-90(c); the attorney fee on the subrogation interest of the employer (or its carrier) is subject to the reasonableness requirement of N.C. Gen. Stat. § 97-90(c) and may not exceed one-third of the amount recovered from the third party.

*Hardy*, 87 N.C. App. at 567, 361 S.E.2d at 751.

Appellant contends that it is error to rely on this Court's decision in *Hardy* because the decision does not support the interpretation of N.C. Gen. Stat. § 97-10.2(f)(1)(b) as a cap on attorneys' fees for two reasons: (1) the majority opinion was reversed by the Supreme Court for the reasons stated in the dissent; and (2) the decision in *Hardy* did not address an agreement for attorneys' fees in excess of one-third of the recovery from a third-party. We recognize that both of appellant's assertions are accurate. Nevertheless, we find this Court's interpretation of N.C. Gen. Stat. §§ 97-10.2(f)(1)(b) and -90(c) in *Hardy* instructive and now adopt it as our own.[2]

Appellant additionally argues that the purpose of the one-third language in N.C. Gen. Stat. § 97-10.2(f)(1)(b) is to ensure adequate reimbursement of the employer's workers' compensation lien and to

---

2. We note that the dissent in *Hardy* did not disagree with the interpretation of N.C. Gen. Stat. § 97-10.2(f)(1)(b) that we now adopt. Instead, the dissent took issue with the Court's conclusion that the Commission "had either the authority or duty to determine the 'reasonableness' of the fee involved." *Hardy*, 87 N.C. App. at 568-69, 361 S.E.2d at 752 (Phillips, dissenting).

regulate employee and employer contributions to attorneys' fees pursuant to N.C. Gen. Stat. § 97-10.2(f)(2).[3] As a result, appellant urges this Court to hold that, although the priority of distribution in N.C. Gen. Stat. § 97-10.2(f)(1) controls, the Commission cannot override a fee agreement in the third-party action when there is enough of a recovery to satisfy the workers' compensation lien. Therefore, where attorneys' fees under an agreement in a third-party case remain unpaid following the one-third distribution and full satisfaction of the workers' compensation lien, appellant asserts that the unpaid portion of attorneys' fees should be disbursed from the distribution to the employee in N.C. Gen. Stat. § 97-10.2(f)(1)(d). In support of his assertions, appellant provides mathematical examples and cites various provisions of N.C. Gen. Stat. § 97-10.2 to demonstrate that the one-third language was not intended to apply as a cap on attorneys' fees. We are not persuaded. Had the General Assembly intended the distribution scheme appellant urges this Court to adopt, it could have easily provided for it in the statute. As written, we find no such intent in N.C. Gen. Stat. § 97-10.2(f)(1).

## Equal Protection

[2] The second issue on appeal is whether N.C. Gen. Stat. § 97-10.2(f)(1)(b) is unconstitutional as applied in this case. Appellant contends that the application of N.C. Gen. Stat. § 97-10.2(f)(1)(b) as a cap on attorneys' fees recoverable in a third-party case creates an equal protection issue between two classes of civil litigants, those with concurrent workers' compensation claims and those without.

As conceded by appellant, N.C. Gen. Stat. § 97-10.2(f)(1)(b) does not interfere with a fundamental right or single out a suspect class; thus, the lower tier of equal protection analysis requiring a rational basis applies in the present case. *See White v. Pate*, 308 N.C. 759, 766-67, 304 S.E.2d 199, 204 (1983) (discussing the two-tiered scheme of equal protection analysis). Under the rational basis standard, we look to see if the "classification bear[s] some rational relationship to a conceivable legitimate interest of government." *Id.* A governmental act is presumed valid when reviewed pursuant to the rational basis standard. *Id.* at 767, 304 S.E.2d at 204.

In this case, appellant contends that the government interest in capping attorneys' fees in N.C. Gen. Stat. § 97-10.2(f)(1)(b) is to provide

---

3. "The attorney fee paid under (f)(1) shall be paid by the employee and the employer in direct proportion to the amount each shall receive under (f)(1)c and (f)(1)d hereof and shall be deducted from such payments when distribution is made." N.C. Gen. Stat. § 97-10.2(f)(2).

"adequate reimbursement of workers' compensation liens in third-party actions . . . [thereby] placing the ultimate cost of workplace injuries on the third parties who cause those injuries." Thus, appellant argues the cap on attorneys' fees in the present case serves no rational basis because Charlotte's workers' compensation lien has been fully satisfied.

We agree that reimbursing the employer's workers' compensation lien and passing the cost of workplace injuries to those third-parties responsible are legitimate government interests. Yet, they are not the exclusive interests.

As recognized by our Supreme Court, the interests behind the Workers' Compensation Act as a whole are twofold: (1) to compensate the injured worker for their loss of earning capacity; and (2) to insure employer's limited and determinate liability. *Hendrix v. Linn-Corriher Corp.*, 317 N.C. 179, 190, 345 S.E.2d 374, 381 (1986); *see also Radzisz v. Harley Davidson of Metrolina*, 346 N.C. 84, 89, 484 S.E.2d 566, 569 (1997). Thus, "[N.C. Gen. Stat. §] 97–10.2 and its statutory predecessors were designed to secure prompt, reasonable compensation for an employee and simultaneously to permit an employer who has settled with the employee to recover such amount from a third-party tort-feasor." *Radzisz*, 346 N.C. at 89, 484 S.E.2d at 569.

Despite appellant's attempt to persuade us otherwise, it is axiomatic that increased attorneys' fees reduce the amount of compensation available from a third-party case to be distributed to an injured worker pursuant to N.C. Gen. Stat. § 97-10.2(f)(1). Therefore, the cap on attorneys' fees is rationally related to the legitimate government interest where there is an interest in compensating the injured worker. Accordingly, we hold N.C. Gen. Stat. § 97-10.2(f)(1)(b) constitutional as applied in the present case.

### III.  Conclusion

For the reasons discussed above, we affirm the Opinion and Award of the Full Commission.

Affirmed.

Judges BRYANT and HUNTER, JR. (Robert N.) concur.